**Thomas TOMKO, Plaintiff,**

v.

**William E. LEES et al., Defendants.**

**Civ. A. No. 76–487.**

United States District Court,
W. D. Pennsylvania.

July 23, 1976.

---

Ronald C. Makoski, Greensburg, Pa., for plaintiff.

Frederick R. Nene, Asst. Atty. Gen., Stanley W. Greenfield, Greenfield & Minsky, Pittsburgh, Pa., for defendants.

## MEMORANDUM AND ORDER

TEITELBAUM, District Judge.

This is a civil rights action brought by plaintiff Thomas Tomko, a student at Clarion State College in Clarion, Pennsylvania, under Sections 1983 and 1985 of Title 42, United States Code.

The complaint alleges that defendants Phillip L. Wein and Jack R. Zerby, the District Attorney and Assistant District Attorney of Clarion County, together with defendant William Lees, a state police officer, compelled plaintiff by means of a "constant and relentless course" of threats and coercion to act on four occasions as a police agent and informant and to testify against persons (including his brother) from whom he had allegedly purchased illegal drugs.[1]

Defendants have responded to the complaint by way of motions to dismiss, asserting (1) that plaintiff has failed to state a claim upon which relief can be granted because he has not alleged deprivation of any constitutionally protected right, and (2) that defendants Wein and Zerby, public prosecutors, are absolutely immune from the instant suit.

The Court does not agree. First, as to defendants' contention that plaintiff has failed to claim the denial of any right guaranteed him by the Constitution, we note that unlike *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), upon which defendants rely, the case *sub judice* does not involve allegations of mere tortious conduct on the part of state officials. Rather, plaintiff herein asserts that he was harassed, threatened and coerced by defendants into performing—against his free will—certain acts as a police informant and agent which he would not otherwise have performed on a voluntary basis.

---

1. No criminal charges have been filed against plaintiff herein.

It is one thing to allege no more than official conduct injurious to reputation and thus tantamount to defamation. See *Paul v. Davis, supra.* It is quite another to allege that the state has unlawfully deprived an individual of his freedom of choice, a fundamental component of that personal liberty which is broadly [2] protected by the Fourteenth Amendment. Plaintiff avers the latter, and, in my view, thereby states a cause of action under Sections 1983 and 1985.

As to the immunity issue raised by defendants Wein and Zerby, the Court is aware of the recent holding in *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128, 18 Crim.L. 3067 (1976), that a state prosecutor is absolutely immune from a civil suit for damages under Section 1983 where the allegations of a constitutional deprivation are based solely on his initiating a prosecution and presenting the state's case—i. e., on the judicial phase of his activities. Here, however, plaintiff at least in part challenges alleged prosecutorial conduct that was neither judicial nor even quasi-judicial, but rather of a police/investigative nature. The immunity to which the defendant prosecutors claim entitlement does not extend to their conduct while engaged in such police activities as recruiting or cultivating informants. See *Hampton v. Chicago,* 484 F.2d 602 (7th Cir. 1973) (Stevens, J.); *Robichaud v. Ronan,* 351 F.2d 533 (9th Cir. 1965); *Ames v. Vavreck,* 356 F.Supp. 931 (D.Minn. 1973). See also *Imbler v. Pachtman, supra* (specifically declining to consider such an extension of prosecutorial immunity).

For the reasons set forth above, defendants' motions to dismiss will be denied. An appropriate Order will issue.

---

**2.** "In a Constitution for a free people, there can be no doubt that the meaning of 'liberty' must be broad indeed." *Board of Regents v. Roth,* 408 U.S. 564, 572, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972).