Eugene Robert **BUSHOUSE**, Plaintiff,

v.

The **COUNTY OF KALAMAZOO**, et al., Defendants.

No. K80–280 CA4.

United States District Court,
W. D. Michigan, S. D.

April 12, 1982.

Craig W. Haehnel, Grand Rapids, Mich., for plaintiff.

David A. Williams, Eaton Rapids, Mich., for Miller, Terrell and Von Behren.

Phillip J. Nelson, Grand Rapids, Mich., and John J. Peters, Kalamazoo, Mich., for Knopf, Quibell and Portage.

Thomas G. Parachini, Kalamazoo, Mich., for Gregart and Davison.

Duane T. Triemstra, Kalamazoo, Mich., for Kalamazoo County.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Kalamazoo County Prosecutor James Gregart and Kalamazoo County Assistant Prosecutor Frederick Davison bring before this Court their motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Defendants Gregart and Davison argue that plaintiff Eugene Bushouse's complaint fails to state a cause of action as to them for the reason that they, as prosecutors, are absolutely immune to claims whose basis lies upon conduct which occurred during the discharge of their duties which are intimately associated with the judicial phase of the criminal process, citing *Imbler v. Pachtman*, 424 U.S. 409, 430–431, 96 S.Ct. 984, 994–995, 47 L.Ed.2d 128 (1976). Plaintiff agrees with defendants that under *Imbler* prosecutors are entitled to absolute immunity where their conduct upon which liability is asserted is found to be intimately associated with the judicial phase of the criminal process. Plaintiff, however, argues that the defendants were not acting in their roles as prosecutors, but were instead acting in their roles as investigators for which absolute liability does not lie, citing *Tomko v. Lees*, 416 F.Supp. 1137 (D.Pa.1976).

Plaintiff's complaint alleges a right to recovery under 42 U.S.C. § 1983. It states that the defendants violated the plaintiff's constitutional rights while acting under color and pretense of the statutes, regulations, ordinances, customs and usages of the State of Michigan. Specifically, the complaint contends that the defendants violated the plaintiff's constitutional rights by attempting to enforce the Michigan Fireworks Act (the Act), M.C.L.A. § 750.243a *et seq.*; an act which the plaintiff alleges the defendants knew to have been unenforceable. According to the complaint, the defendants directed an illegal police investigation of the plaintiff concerning his fireworks retail business. This investigation included, *inter alia*, the drafting of an affidavit in support of a search warrant which plaintiff charac-

terizes as without a basis either in law or probable cause. The complaint further alleges that the defendants directed (or approved) the issuance of a criminal complaint whose sole purpose was to harass him in his capacity as a fireworks dealer. Finally, the complaint alleges that the defendants failed to return to him certain fireworks which had been seized from him and held as evidence during the pendency of the criminal action brought against him under the Act.[1]

 Under the defendant's motion to dismiss, this Court's task is a limited one. It is merely to determine whether or not the challenged pleading sets forth allegations sufficient to make out the elements of a right to relief. In making this determination, the allegations in the complaint must be taken at "face value," *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972), and must be construed favorably in the plaintiff's behalf. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176 (6th Cir. 1975). Accordingly, the plaintiff is entitled to the benefit of all inferences which may be reasonably drawn from the complaint's allegations. *Fitzke v. Shappell*, 468 F.2d 1072, 1076 fn.6 (6th Cir. 1972). In short, the complaint can not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts which, if accepted by the trier of fact, would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

As the parties recognize, the resolution of defendants' motion to dismiss depends upon the scope and application of the holding in *Imbler v. Pachtman*, 424 U.S. 428, 430–431, 96 S.Ct. 984, 994–995, 47 L.Ed.2d 128 (1976). There the Supreme Court was presented with the question of whether or not prosecutors were cloaked with absolute immunity to civil actions under 42 U.S.C. § 1983. The

---

1. Apparently these charges were ultimately dismissed and thus the plaintiff was never convicted of violating the Michigan Fireworks Act.

lower court had found eight separate instances of prosecutorial misconduct during Imbler's criminal trial. The Supreme Court concluded that each of these instances of misconduct "were intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force." *Imbler*, at 431, 96 S.Ct. at 995.

This acknowledgement that prosecutors were entitled to absolute immunity was highly qualified, however:

> We have no occasion to consider whether like or similar reasons require immunity for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than advocate.[33] We hold only that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.[34]

> 33. We recognize that the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom. A prosecuting attorney is required constantly, in the course of his duty as such, to make decisions on a wide variety of sensitive issues. These include questions of whether to present a case to the grand jury, whether to file an information, whether and where to dismiss an indictment against particular defendants, which defendants to call, and what other evidence to present. Preparation, both for the initiation of the criminal process and for a trial, may require the obtaining, reviewing, and evaluating of evidence. At some point, and with respect to some decisions, the prosecutor no doubt functions as an administrator rather than as an officer of the court. Drawing a line between these functions may present difficult questions, but this case does not require us to anticipate them.

> 34. Omitted.

*Imbler*, at 430–431, 96 S.Ct. at 994–995.

Lower courts, in applying *Imbler*, have been nearly unanimous in refusing to extend absolute immunity to prosecutors whose conduct functions in a capacity other than the quasi-judicial role of advocate. *See, e.g., Marrero v. City of Hialeah*, 625 F.2d 499, 503–511 (5th Cir. 1980); *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1979); and *Forsyth v. Kleindienst*, 599 F.2d 1203 (3rd Cir. 1979).

Accordingly, the critical question becomes one of how to determine when a prosecutor is engaging in his quasi-judicial role as opposed to engaging in his roles as investigator or administrator. This question becomes most difficult when the prosecutor's § 1983 liability is alleged to lie with his role or conduct in the obtaining, reviewing, evaluating, or use of evidence, especially in those factual settings where the prosecutor's activities occurred in conjunction with the police prior to the formal initiation of prosecution. In these cases it is very difficult to determine whether such investigative activities were in the nature of police work or, in the alternative, in preparation for prosecution. Indeed, *Imbler* itself recognized that preparation for the initiation of prosecution will require the prosecutor to obtain, review, and evaluate evidence, but, at some point, and with respect to some decisions, the prosecutor will not be acting in his quasi-judicial role. *Imbler* 424 U.S. at 431, f.33, 96 S.Ct. at 995, f.33. Thus, § 1983 actions which allege a prosecutor's liability with regard to his evidence-gathering activities present the courts with the challenging task of finding the line which separates the amorphous and vague notions of the prosecutor as an advocate in his "quasi-judicial" role and the prosecutor as an "investigator." *See, Lee v. Willins*, 617 F.2d 320 (2nd Cir. 1980).

Some guidance for the dividing line may be gleaned from *Imbler* itself. In explaining that it was not deciding whether absolute immunity extended to "those aspects of the prosecutor's responsibility that cast him in the role of administrator or investigative officer rather than that of an advocate." *Imbler* 424 U.S. at 430–431, 96 S.Ct. at 994–995, the Court cited as cases involving instances of investigative activity. *Guerro*

*v. Mulhearn*, 498 F.2d 1249 (1st Cir. 1974) and *Hampton v. City of Chicago*, 484 F.2d 602 (7th Cir. 1973), *cert. denied*, 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974). Both of these cases dealt with prosecutors assisting the police in allegedly unlawful searches and seizures. But also cited, even more importantly to the instant case, were *Robichaud v. Ronan*, 351 F.2d 533 (9th Cir. 1965) and *Lewis v. Brautigam*, 227 F.2d 124 (5th Cir. 1955), cases holding that a prosecutor may be functioning as an investigator merely by directing police evidence-gathering activities.

The Court recognizes *Imbler* to stand for the proposition that, under certain circumstances, a prosecutor is required to engage in some evidence-gathering activities in his role as an advocate. The decision to prosecute is clearly not made in a vacuum. On occasion, the directing of the police to secure additional evidence may be necessary before an informed decision can be made. These efforts are entitled to the cloak of absolute immunity under *Imbler*. However, it is often a factual question as to whether or not such conduct was necessary, and in such cases a factual inquiry is required in order to determine in what role the challenged functions were exercised. *Forsyth v. Kleindienst*, 599 F.2d 1203, 1215 (3rd Cir. 1979).

■ Accordingly, it is evident in this case that the plaintiff has made allegations of prosecutorial activities which entitle the plaintiff to proceed with his case to the trier-of-fact. The plaintiff's allegation that the defendants directed the police in certain illegal evidence-gathering activities prior to the formal initiation of prosecution raises factual issues regarding the function of those activities not resolvable on behalf of the defendants in a motion to dismiss. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). *See also, Clark v. Lutcher*, 77 F.R.D. 415, 420 (D.Pa. 1977).

■ Finally, the Court notes that the plaintiff's complaint includes an allegation that the defendants failed to return his seized property following the dismissal of charges against him and thus deprived him of a property interest without due process of law, allegations clearly actionable under § 1983. *Lynch v. Household Finance Corporation*, 405 U.S. 538, 542–553, 92 S.Ct. 1113, 1116–1122, 31 L.Ed.2d 424 (1972). The disposal of property held as evidence during the pendency of trial is clearly an administrative function of prosecutors for which absolute immunity does not lie. *Cf. Totaro v. Lyons*, 498 F.Supp. 621, 627 (D.Md.1980) (no absolute immunity under *Imbler* to 42 U.S.C. § 1985 claim where prosecutor failed to properly dispose of property).

Therefore, defendants' motion to dismiss must be denied.

IT IS SO ORDERED.