Jeffrey MARTIN, a minor by Teddy Martin, his mother and next friend, Plaintiff,

v.

COVINGTON, KENTUCKY, Arthur Heeger, Dave Wells, Donald Andrews, Gene Hurst, Unknown Covington Policemen, Department of Human Resources Commonwealth of Kentucky, Charles Russell, and Lt. Thomas Henry, Defendants.

Civ. A. No. 81–108.

United States District Court,
E. D. Kentucky,
Covington Division.

June 29, 1982.

Douglas S. Weigle, Covington, Ky., for plaintiff.

Otto Daniel Wolff, Covington, Ky., for Covington and Heeger.

Steve Megerle, Covington, Ky., for Wells and Andrews.

William K. Moore, Frankfort, Ky., for Chas. Russell.

John A. Goldberg, Cincinnati, Ohio, for Gene Hurst.

Jack Howell, Covington, Ky., for Lt. Thos. Henry.

## OPINION and ORDER

BERTELSMAN, District Judge.

This 42 U.S.C. § 1983 action is before the court on the motion of the defendants to dismiss for lack of jurisdiction. Defendants contend that plaintiff has failed to allege a violation of his constitutional rights.

■ The facts, although somewhat unusual, are simply stated. The plaintiff, Jeffrey Martin, a minor 16 years of age, suing by his mother and next friend Teddy Martin, claims that he was forced by certain policemen, who are some of the defendants here, to engage in homosexual solicitation on a public street in the City of Covington. This was done as part of an effort to capture adult males who frequented that area for the purpose of purchasing homosexual acts from young boys. Plaintiff was wired for sound and testified in court in some of the cases.

These efforts, it is alleged, were part of a crackdown being conducted by the police on homosexual prostitution. The plaintiff, it is alleged, was a juvenile in difficulties concerning drugs and not related to any sexual activity. The complaint avers that he was forced to engage in this homosexual solici-

tation without the knowledge of his parents. Although no actual homosexual acts were committed, plaintiff was forced according to the allegations to engage in negotiations for homosexual acts with various men, and as a result of these activities has sustained severe psychological damage.

Defendants contend that, although a negligence claim may have been stated under state law, no violation of federal constitutional rights appears from the allegations of the complaint. *See Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

The court disagrees. Without expressing any view as to the merits of the action or whether plaintiff will be able to prove the facts alleged, the complaint liberally construed does in the opinion of the court allege a violation of constitutional rights. Accepting all of the facts alleged in the complaint as true, as we are required to do on this motion, plaintiff has been forced to engage in sexually related activity highly offensive to him.

■ It is true, as defendants argue, that not every act of government agents which results in personal injury or loss of property constitutes a violation of federal constitutional rights. *See Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) and *Paul v. Davis, supra.*

This principle is more easily stated than applied, however, and the Supreme Court has not yet made it clear exactly where the line is to be drawn between those governmental actions which are merely torts and those which are constitutional violations. Nevertheless, this court holds that the ac-

tivities described in the complaint, if proven, fall into the latter category. For the police through threats, intimidation, harassment and abuse of official power to force someone to engage in homosexual solicitation against his will is an undoubted violation of his human dignity and constitutional right of privacy, and thus is a deprivation of liberty [1] committed under color of state law. Such violation may be redressed, if proven, by an action under 42 U.S.C. § 1983.[2]

■ The fundamental personal right to privacy is protected by substantive due process under the Fourteenth Amendment to the Constitution of the United States and is a fundamental right recognized by the Ninth Amendment to that Constitution.[3] This fundamental right, although unenumerated, is protected against infringement by the states through the Fourteenth Amendment. *See* discussion in *Petrey v. Flaugher*, 505 F.Supp. 1087 (E.D.Ky.1981); Comment, *Developments in the Law—The Constitution and the Family*, 93 Harv.L. Rev. 1156 (1980); Bertelsman, *The Ninth Amendment and Due Process of Law—Toward a Viable Theory of Unenumerated Rights*, 37 U.Cin.L.Rev. 777 (1968). Although many decisions of the Supreme Court of the United States could be cited to uphold these propositions, those most applicable are *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); *Moore v. City of East Cleveland*, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977). *Cf. Tomko v. Lees*, 416 F.Supp. 1137 (W.D. Pa.1976) (college student forced to be a drug informer had § 1983 cause of action).

---

1. The Fourteenth Amendment to the Constitution of the United States reads in part:

"[N]or shall any state deprive any person of life, liberty, or property without due process of law."

2. This statute reads:

"§ 1983. **Civil action for deprivation of rights.**

"Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

3. The Ninth Amendment to the Constitution of the United States reads:

"The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

Therefore, the motion to dismiss and for failure to state a claim must be denied as to the police defendants and the City of Covington.

IT IS SO ORDERED.