Joseph J. HAYES, Plaintiff,

v.

NEW ENGLAND MILLWORK DISTRIBUTORS, INC., et al., Defendants.

CA 79–1683–T.

United States District Court,
D. Massachusetts.

Feb. 22, 1980.

Frederick T. Golder, Shulman & Golder, Boston, Mass., for plaintiff.

Edward R. Lev, Louis A. Rodriques, Boston, Mass., for New England Millwork; Sullivan & Worcester, Boston, Mass., of counsel.

## ORDER

TAURO, District Judge.

Defendant New England Millwork Distributors, Inc. (Millwork), has moved for summary judgment on the ground of res judicata. Millwork has also moved for an award of costs and attorney's fees.

The present complaint alleges that Millwork discharged Hayes without just cause and that the codefendant, Local 379 of the Teamsters Union, violated its duty of fair representation by failing to arbitrate Hayes' grievance under the applicable collective bargaining agreement. Both claims arise under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

### I.

Because the issues presented by this motion concern application of res judicata, a proper understanding of the procedural history of this case is essential. Hayes was discharged in 1974 after an unexplained prolonged absence from work. He filed a grievance with the union, which after review chose not to go to arbitration for the stated reason that Hayes' claim did not have merit. Hayes thereupon filed a claim for unemployment benefits, which was denied, and a claim with the Massachusetts Commission Against Discrimination (MCAD). MCAD found no probable cause to believe that Hayes had been discharged for reasons of age or union activities. Hayes then sued MCAD in state court, but lost, his final appeal having been denied in the summer of 1978.

Meanwhile, on July 30, 1976, Hayes filed his first federal action against Millwork. In that complaint Hayes alleged that his dismissal was unjust and that he was entitled to relief under § 301 of the Labor Management Relations Act. With respect to the union, the complaint merely noted the union's refusal to prosecute his grievance to arbitration.

After Millwork answered that complaint, the federal case lay dormant for over two years, until Hayes filed interrogatories on September 26, 1978. Millwork then moved for judgment on the pleadings, citing Hayes' failure to allege either arbitrariness by the union or repudiation of the grievance and arbitration mechanism by the employer. Under *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), one of these allegations must be made as a prerequisite to relief under § 301.

Recognizing the force of Millwork's argument, Hayes on December 1, 1978, moved to amend his complaint by adding Local 379 as a defendant and a second count. Three weeks later, Judge Garrity denied that motion on the ground of undue delay. In January, 1979, Judge Garrity denied Hayes' motion to reconsider and entered judgment for the defendant. Subsequently, he also denied Hayes' post-judgment motion to amend the complaint. On July 10, 1979, the Court of Appeals affirmed Judge Garrity's denying leave to amend and entering judgment for Millwork. *Hayes v. New England Millwork Distributors, Inc.,* 602 F.2d 15 (1st Cir. 1979).

### II.

The elements necessary to support the bar of res judicata are (1) similarity of the parties in the two law suits, (2) similarity in the causes of action, and (3) a final judgment by a court of competent jurisdiction in the first suit (4) which judgment is on the merits. *See Expert Electric, Inc. v. Levine,* 554 F.2d 1227 (2d Cir.), *cert. denied,* 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977). If those conditions are met, the parties to the first suit are bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. Sac County,* 94 U.S. 351, 352, 24 L.Ed. 195 (1876), *quoted in*

*Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

It is clear that the first three conditions have been met in this case. Hayes' only serious opposition to this motion concerns condition (4). Hayes argues that the judgment by Judge Garrity was not on the merits. Rather, he argues, the earlier decision was jurisdictional in nature and could not operate as a bar to the present case. *See Hayes, supra*, at 19. ("His complaint thus furnishes no basis whatsoever for the exercise of jurisdiction pursuant to § 301, and the district court properly granted appellee's motion for judgment on the pleadings").

But, this argument misconceives the nature of a dismissal of a § 301 claim for failure to allege union arbitrariness. Such a failure is not a jurisdictional defect in the sense that a lack of diversity or of a federal question would be. There is no question that Judge Garrity had jurisdiction to hear Hayes' first complaint; § 301 itself confers that jurisdiction. The unwillingness of a federal court to hear a § 301 claim without a proper pleading directed at the grievance procedure stems instead from the judicial policy of nonintervention in labor disputes that are subject to arbitration. *See Vaca, supra.*

█ It is true that courts construing § 301 have loosely referred to that pleading requirement as jurisdictional in nature. But loose terminology should not obscure the fact that a judgment on a § 301 complaint for failure to allege union arbitrariness or employer repudiation is nothing more than a simple judgment for the defendant for failure to state a cause of action. Indeed, Judge Garrity phrased his ruling on the first complaint in precisely those terms.

█ The law is clear that a judgment entered against the plaintiff for failure to state a claim, even where leave to amend the complaint has been denied or unat-tempted, acts as a judgment on the merits for purposes of res judicata. *See Carter v. Money Tree Co.*, 532 F.2d 113, 115 (8th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 380 (1976); *Hubicki v. ACF Industries, Inc.*, 484 F.2d 519 (3d Cir. 1973); 1B *Moore's Federal Practice*, ¶ 0.409[1] at pp. 1005–7 (2d ed. 1974).

[4] Moreover, judgment on a complaint without allowing an amendment to that complaint operates as a bar to any claim made in the proposed amended complaint.[1] *Carter, supra*, at 115.

*Hubicki*, moreover, is almost directly on point. In that case, as here, an employee sued his former employer under § 301, lost on summary judgment for failure to allege union arbitrariness, was denied a post-judgment motion to amend the defective complaint, and filed a second § 301 suit. On review of the dismissal by the district court of Hubicki's second complaint, the Third Circuit affirmed the court's determination that res judicata applied to bar the second suit.

### III.

█ The plain facts are that Hayes has had one full opportunity to litigate his federal claims, that he wasted that opportunity through inordinate delay, and that his attempts to excuse that delay, or to seek relief from its consequences, have already been denied by one district judge and the Court of Appeals. Furthermore, there can be no serious doubt that Judge Garrity's judgment on the pleadings was with prejudice. It is not this court's role now to override those careful judicial determinations, impinge on the legitimate policies supporting res judicata, and cause further expense and labor for the defendant.

Finally, under the doctrine of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), Hayes' state claims should also be dismissed since his federal claims are here dismissed before a trial on the merits.

---

1. The same doctrine applies to collaterally estop Hayes from asserting claims he might have against the union.

Accordingly, the motion for summary judgment is hereby allowed. The motion for costs and fees is denied.

It is so ORDERED.