Richard D. HAEFNER,

v.

The COUNTY OF LANCASTER, PA. et al.

Civ. A. No. 81–0922.

United States District Court, E. D. Pennsylvania.

Aug. 11, 1981.

---

**25.** *See, for example, United States v. One 1972 Chevrolet Blazer, supra.*

Richard Sprague, Philadelphia, Pa., for plaintiff.

Harvey S. Miller, Christopher W. Mattson, Lancaster, Pa., Richard R. Galli, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

■ The policies supporting the Civil Rights Act of 1871, 42 U.S.C. § 1983,[1] include compensating individuals deprived of federal rights by action taken under color of state law.[2] Claims for injury must be presented in a timely fashion.[3] Congress did not establish a federal statute of limitations for actions brought in federal court under Section 1983, and, therefore, the state statute of limitations for the cause of action most nearly analogous thereto must be "borrowed".[4]

■■ In the case at bar, plaintiff alleges unlawful arrest, physical and mental abuse during police custody and prosecution of criminal charges against him without probable cause, claims which most nearly resemble state tort actions for assault and battery, false arrest and imprisonment and malicious prosecution.[5] Pennsylvania law requires institution of suit for such claims within two years of accrual.[6] Federal law

1. This section provides that
   [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. *Parratt v. Taylor*, —— U.S. ——, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *Robertson v. Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978), *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).

3. *Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788 (1944).

4. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

5. *See, for example, Polite v. Diehl*, 507 F.2d 119 (3d Cir. 1974), *Hileman v. Knable*, 391 F.2d 596 (3d Cir. 1968), and *Onley v. Simms*, 476 F.Supp. 974 (E.D.Pa.1979).
   Specifically, plaintiff contends that defendants conspired to secure a criminal prosecution against him on charges known to them as false. Additionally, defendants induced plaintiff to submit to a lie detector test, urged other individuals to persuade plaintiff to enter a plea of guilty, gathered background information on prospective jurors, threatened and intimidated various witnesses which plaintiff called in his defense, paid money to witnesses for favorable testimony, and isolated plaintiff in a prison cell known as the "hole", allegedly designed to cause occupants severe emotional trauma.

6. 42 Pa.Cons.Stat.Ann. § 5524(1).

determines when a federal claim "accrues"[7] and identifies the date as that point in time when the injured party knows or has reason to know of the injury forming the basis of the action.[8]

In the case at bar, plaintiff knew of the injury inflicted by the alleged assault and battery and false arrest and imprisonment when those events occurred in August 1975 and arguably continuing through February 1976. His failure to press these claims within two years bars prosecution irrespective of their merit.[9]

■ Plaintiff's claim for malicious prosecution must also be dismissed. To recover therefor, plaintiff must establish that the prior state prosecution terminated in his favor.[10] That is, plaintiff must show that the prior action disposed of the charges in a manner inconsistent with guilt.[11] An indecisive disposition, such as a hung jury, will not suffice, for a prosecution based on probable cause does not deprive a defendant of civil rights within the meaning of Section 1983. No federal claim can exist without proof that the prior state criminal prosecution ended in a manner inconsistent with guilt.[12]

■ In the case at bar, the state court declared a mistrial after the jury could not reach a verdict. Ultimately, on appeal, the Superior Court of Pennsylvania held that the trial court's premature discharge of the jury prevented defendant's retrial in light of the Double Jeopardy Clause of the Fifth Amendment.[13] The prior state action, therefore, did not terminate in a manner inconsistent with defendant's guilt.[14]

■ Finally, plaintiff has also failed to state a claim under 42 U.S.C. § 1985(2).[15] This subsection affords a remedy to the

---

7. *Singleton v. City of New York*, 632 F.2d 185 (2d Cir. 1980), *cert. denied*, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981).

8. *See, United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). *Cf. Bayless v. Philadelphia National League Club*, 579 F.2d 37 (3d Cir. 1978) (under Pennsylvania law the statute of limitations for personal injury actions begins to run when the plaintiff knows or reasonably should have known of the cause of the injury). *See also Grabowski v. Turner & Newall*, 516 F.Supp. 114 (E.D.Pa.1980), *aff'd*, 651 F.2d 908 (3d Cir. 1981) and *Anthony v. Koppers Co.*, —— Pa.Super. ——, 425 A.2d 428 (1981).

9. *Pangrazzi v. United States*, 511 F.Supp. 648 (E.D.Pa.1981).

10. *Everett v. City of Chester*, 391 F.Supp. 26 (E.D.Pa.1975). *See also Davis v. Chubb/Pacific Indemnity Group*, 493 F.Supp. 89 (E.D.Pa. 1980), in which the court suggested several "indecisive" terminations which would *not* support a malicious prosecution claim: a charge withdrawn pursuant to an agreement with the accused or withdrawn out of mercy requested or accepted by the accused, the entry of a plea of nolo contendere or a pardon by the executive. The court held that a termination through an Accelerated Rehabilitative Disposition Program (ARD) was similarly "indecisive".

11. *Thomas v. E. J. Korvette, Inc.*, 329 F.Supp. 1163 (E.D.Pa.1971), *rev'd on other grounds*, 476 F.2d 471 (3d Cir. 1973).

12. *Singleton v. City of New York, supra.*

13. *See Commonwealth v. Haefner*, 264 Pa.Super. 144, 399 A.2d 707 (1979).

14. Formal abandonment of charges by the prosecutor *as the necessary consequence* of a procedural error committed by the trial judge and barring re-prosecution because of the Double Jeopardy Clause cannot be considered as termination inconsistent with guilt.

15. This subsection provides that
[i]f two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

**134**

victim of a conspiracy to impede or obstruct the "due course of justice" with the intent to deny him the equal protection of the laws. Plaintiff has alleged that defendants' conspiracy denied him of due process and equal protection of the laws, but he has not alleged that defendants conspired against him because of his membership in a class defined in an invidiously discriminatory manner. Claims under Section 1985(2) must allege a racial or invidiously discriminatory class-based animus.[16] Accordingly, defendants' motion to dismiss the complaint will be granted.[17]

---

**16.** *Jones v. United States*, 536 F.2d 269 (8th Cir. 1976), *cert. denied*, 429 U.S. 1039, 97 S.Ct. 735, 50 L.Ed.2d 750 (1977).

*Cf. Griffin v. Breckinridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) (under 42 U.S.C. § 1985(3) plaintiff must allege a class-based discrimination).

**17.** Plaintiff's failure to state any claim under §§ 1983 and 1985(2) justifies dismissal of the complaint as to all defendants. *Carey v. Beans*, 500 F.Supp. 580 (E.D.Pa.1980), *aff'd*,

659 F.2d 1065 (3d Cir. 1981), *Dezura v. Firestone Tire & Rubber Co.*, 470 F.Supp. 121 (E.D. Pa.1979), *aff'd*, 612 F.2d 571 (3d Cir. 1980).

Jurisdiction over plaintiff's pendent state claims will be declined. Plaintiff can assert no right thereto. *Gibbs v. United Mine Workers of America*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *See also, Gallo v. Yamaha Motor Corp., USA*, 488 F.Supp. 502 (E.D.Pa. 1980).