Richard C. HAEFNER

v.

The COUNTY OF LANCASTER, PA.; the Lancaster County Prison; the City of Lancaster, Pa.; Police Department: Jerry P. Crump, individually and as a Police Officer of the City of Lancaster Police Department; Howard H. Snyder, individually and as a Police Officer of the City of Lancaster Police Department; James Burkey; Kevin Burkey; Thomas Dommel, individually and as Captain of the Guard at Lancaster County Prison; Randy Klivansky and Kathleen V. Mumma, individually and as an employee of the County of Lancaster, Court of Common Pleas.

Civ. A. No. 82–1018.

United States District Court,
E. D. Pennsylvania.

June 25, 1982.

Richard A. Sprague, Michael Minkin, Philadelphia, Pa., for plaintiff.

Richard R. Galli, Philadelphia, Pa., for Dommel and Mumma.

Christopher W. Mattson, Lancaster, Pa., for City of Lancaster.

J. Richard Gray, Lancaster, Pa., for Klivansky.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Res judicata rests upon considerations of "economy of judicial time and public policy favoring the establishment of legal relations". *Sea-Land Services v. Gaudet*, 414 U.S. 573, 578, 94 S.Ct. 806, 811, 39 L.Ed.2d 9 (1974), quoting *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). Described as a "fundamental rule of substantial justice" rather than a "mere matter of practice or procedure inherited from more technical times" it should be "cordially regarded and enforced by the courts". *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103, 111 (1981) (quotations omitted). Res judicata serves the salutary purposes of "encourag[ing] reliance on judicial decisions [and], bar[ring] vexatious litigation [while] free[ing] courts to resolve other disputes". *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). In order to successfully invoke its protections, three prerequisites need be established: the parties to the instant suit must be the same or in privity with those in the prior litigation; a court of competent jurisdiction must have entered a valid, final judgment on the merits; and the present action must concern the same subject-matter or cause of action as the prior suit. *Coggins v. Carpenter*, 468 F.Supp. 270, 280 (E.D.Pa.1979). Finding that these conditions have been met, we grant defendants' motions to dismiss.

Plaintiff originally instituted suit against a plethora of Lancaster City and County public officials and private citizens and charged them with violations of The Civil Rights Act of 1871, 42 U.S.C. § 1983, 42 U.S.C. § 1985(2) and state claims based upon tortious conduct. Specifically, plaintiff's first suit alleged that in his business as a rock collector he had employed, and then fired, defendant K. Burkey. In retaliation for his firing, K. Burkey allegedly conspired with co-defendants J. Burkey and Klivansky to secure a criminal prosecution of plaintiff. The three defendants then supposedly met and conspired with law enforcement officials who arrested plaintiff and charged him with corruption of a minor, and involuntary deviate sexual intercourse. Thereafter, defendant law enforcement officials subjected plaintiff to harassment, intimidation and abuse and, along with other defendants, maliciously prosecuted plaintiff for crimes which they knew he did not commit. To effectuate their illegal conspiratorial goal, various defendants committed perjury at plaintiff's preliminary hearing and subsequent trial, sought to illegally pressure plaintiff into tendering a guilty plea, improperly investigated and interviewed potential jurors and threatened and intimidated defense witnesses. Upon completion of plaintiff's trial, which ended in a hung jury, he was sentenced to prison—this for contemptuous conduct. While in the county prison, plaintiff was allegedly subjected to various abuses and forced to reveal information critical to and necessary for his defense at re-trial.

The Commonwealth's attempt to re-try plaintiff was successfully blocked by decision of the Pennsylvania Superior Court, grounded upon double jeopardy considerations. *See Commonwealth v. Haefner*, 264 Pa.Super. 144, 399 A.2d 707 (1979). We dismissed plaintiff's first suit because it was time-barred. *See Haefner v. County of Lancaster*, 520 F.Supp. 131 (E.D.Pa.1981), aff'd, 681 F.2d 806 (3d Cir. 1982).

Plaintiff's current suit is predicated upon the same general events outlined above; they commenced in August, 1975. Additional allegations are contained in the instant suit, which, plaintiff urges, assert a new dimension to the prior suit and obstruct or exclude application of res judicata. Specifically, plaintiff now informs the Court that he was subjected to multiple prosecutions. The first lawsuit was predicated upon false charges inspired by defendant K. Burkey. The case at bar, plaintiff asserts, is grounded in false charges inspired by defendant Klivansky. Unlike the "Burkey-inspired" charges, the "Klivansky-inspired" charges were not the subject of the mistrial which eventually resulted in litigation before the Pennsylvania Superior Court. Moreover, plaintiff now argues that the "Klivansky-inspired" charges were outstanding until March 7, 1980, at which time they were *nolle prossed* on the basis of insufficient evidence. The unlawful conspiracy now alleged and relating to the "Klivansky-inspired" charges includes defendants' supposed failure to comply with a Court order requiring them to expunge plaintiff's arrest record. *See Commonwealth v. Haefner*, 291 Pa.Super. 604, 436 A.2d 665 (1981).

We turn now to our analysis of the issue involved. The first element necessary to establishment of a res judicata bar, the requirement that the subsequent action be brought against the same parties as the initial action, is met here. The presence of defendant Mumma, the only defendant not named in the first suit, does not compel a contrary result. *Coggins v. Carpenter*, 468 F.Supp. at 280.

We have equally little trouble finding that the second required element, a final, valid judgment on the merits, is met. A dismissal for failure to state a claim is a "judgment on the merits". *Federated Department Stores, Inc. v. Moitie*, 452 U.S. at 399, 101 S.Ct. at 2428, n. 3, 69 L.Ed.2d at 109, n. 3; *Hubicki v. ACF Industries, Inc.*, 484 F.2d 519, 523 (3d Cir. 1973); *Hayes v. New England Millwork Distributors, Inc.*, 485 F.Supp. 459, 461 (D.Mass.1980); *Coggins v. Carpenter*, 468 F.Supp. at 280. Likewise, dismissal of a suit as time-barred establishes a res judicata bar. *Wachovia Bank & Trust Co., N.A. v. Randell*, 485 F.Supp. 39 (S.D.N.Y.1979).

The third element, whether this suit concerns the same subject-matter as the first one, is the final subject of inquiry. Plaintiff argues that the factual predicate of this suit is grounded in the "Klivansky-inspired" charges while the basis of the first suit was the "Burkey-inspired" charges. Moreover, since the "Klivansky-inspired" charges were not terminated until some time after the "Burkey-inspired" ones and because they included the improper failure to expunge plaintiff's arrest record, plaintiff asseverates that this suit is a separate cause of action. Finally, plaintiff points to Fed.R. Civ.P. 18(a) which provides that "[a] party asserting a claim to relief as an original claim ... *may* ... join ... as many claims ... as he has against an opposing party" (emphasis added), and urges that he was not required to bring all claims against all parties in the first suit. We disagree.

A res judicata bar is erected against suits which seek to relitigate issues which "were or could have been raised" in the first action. *Kremer v. Chemical Construction Corp.*, — U.S. —, —, n. 6, 102 S.Ct. 1883, 1889, n. 6, 72 L.Ed.2d 262 (1982). In determining what was or could have been raised in the first suit and whether the same claim is again raised, courts are required to determine the degree of consanguinity between the two suits.

Numerous formulae, each attempting to make that determination, have developed. Some courts consider whether the "same

evidence supports both claims and whether the essential facts in the second [suit] were present in the first". *Tucker v. Arthur Anderson & Co.*, 646 F.2d 721, 727 (2nd Cir. 1981). Others hold that "different legal theories" spawned by a "single alleged wrong" may not form the basis of a second suit. *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978).

The Third Circuit has articulated this standard:

> if the second suit *relates* to the same cause of action as the first ... it can be said that the first judgment dismissing the previous suit "with prejudice" bars a later suit on the same cause of action.

*Gambocz v. Yelencsics*, 468 F.2d 837, 842 (3d Cir. 1972) (emphasis added) (quotations omitted). Another way of expressing the focus of the court's inquiry requires reference to whether the claims "arose out of the same transaction" *Cramer v. General Telephone & Electronics Corp.*, 582 F.2d 259, 267 (3d Cir. 1978), *cert. denied*, 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 90 (1979), or are predicated upon the same "liability creating conduct". *Ley v. Boron Oil Co.*, 454 F.Supp. 448, 450 (W.D.Pa.1978). *See also Borough of Lansdale v. Philadelphia Electric Co.*, 517 F.Supp. 218, 222 (E.D.Pa.1981); *Coggins v. Carpenter*, 468 F.Supp. at 280; *Sims v. Mack Trucks, Inc.*, 463 F.Supp. 1068, 1069 (E.D.Pa.1979).

The "liability creating conduct" complained of in the first suit appeared, at that time, to relate to a series of charges allegedly motivated and inspired by defendants K. Burkey and Klivansky. For example, the first complaint charged that both defendants worked for plaintiff and conspired *inter se* to willfully subject him to false criminal charges. First Complaint ¶¶ 17, 19. Without any attempt to distinguish between the conduct of defendants K. Burkey and Klivansky, it alleged that both of them filed false charges with law enforcement officers. First Complaint ¶¶ 20, 21. The next allegation of joint K. Burkey/Klivansky misconduct asserted that plaintiff was arrested due to the false information which both defendants knowingly

provided. First Complaint ¶ 22. Continuing, Klivansky and K. Burkey, along with other defendants, knowingly continued to conspire to have plaintiff maliciously prosecuted. First Complaint ¶ 28. Thereafter, K. Burkey and Klivansky agreed to give false testimony against plaintiff. First Complaint ¶ 32. Specific allegations of joint K. Burkey/Klivansky misconduct are no longer alleged after paragraph 32 of plaintiff's first complaint. However, Klivansky was separately charged with accepting an undisclosed sum of cash in exchange for testimony favorable to the Commonwealth. First Complaint ¶¶ 35, 36. Finally, Klivansky committed perjury. First Complaint ¶ 38.

Plaintiff, as outlined *supra*, now alleges that separate charges were spawned by defendants Klivansky and K. Burkey and that the "Klivansky-inspired" conspiracy still may not have terminated in that plaintiff's arrest record may not have been expunged. These current assertions are insufficient to defeat the application of res judicata because both suits arise out of the same core of "liability creating conduct". A fair reading of the two complaints demonstrates that plaintiff's "core complaint" is the same in both suits. True, the outer periphery of the second suit is not exactly co-extensive with the first. However, it complains of conduct which "was or could have been" litigated in the first suit.

Both suits charge a conspiracy by defendants to knowingly subject plaintiff to false and unwarranted criminal prosecutions for specified crimes. The core of operative facts alleged in both suits commenced in the summer of 1975, and continued thereafter.

█ Plaintiff is now attempting to engage in a post-hoc redrafting of his initial complaint by explaining that, contrary to a plain reading thereof, it only charged a "Burkey-inspired" conspiracy. As such, plaintiff seeks to impermissibly limit and narrow the scope of his first complaint. However, the requirement of notice pleading mandates a broad, generous reading of complaints. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). This rule is

not altered when considering the breadth of a complaint for res judicata purposes. *Blair v. City of Greenville*, 649 F.2d 365, 368 (5th Cir. 1981).

Finally, plaintiff's valiant attempts to distinguish the scope of the two suits are unsuccessful because plaintiff was aware of defendants' "liability creating conduct" with regard to the "Klivansky-inspired" charges when he filed his initial suit. As such, he was required to allege its existence therein. *Accord, Id.* (res judicata bars suit based upon conduct which antedated final judgment in the first suit); *Crowe v. Leeke*, 550 F.2d 184, 187 (4th Cir. 1977) (res judicata precludes litigation of defendants' conduct which occurred prior to entry of the first judgment).

An appropriate order will issue granting defendants' motion to dismiss.