Richard HAEFNER

v.

The CITY OF LANCASTER, PA.; the City of Lancaster, Pa. Police Department, John Wertz, individually and as a Police Officer of the City of Lancaster, Pa. Police Department; Richard Shertzer, individually and as a Police Officer of the City of Lancaster, Pa. Police Department, and John Does 1–10.

Civ. A. No. 83–604.

United States District Court, E.D. Pennsylvania.

June 22, 1983.

Richard Haefner, pro se.

George C. Werner, Lancaster, Pa., for defendants.

## MEMORANDUM

TROUTMAN, District Judge.

Plaintiff, in *Haefner I,* instituted suit against a host of Lancaster City and County public officials and private citizens and generally charged them with conspiring to illegally secure his conviction. We dismissed the suit because it was time-barred. *Haefner v. City of Lancaster,* 520 F.Supp. 131 (E.D.Pa.1981), aff'd, 681 F.2d 806 (3d Cir.), *cert. denied* —— U.S. ——, 103 S.Ct. 165, 74 L.Ed.2d 136 (1983). Subsequently, in *Haefner II,* plaintiff alleged that he was subjected to a series of illegal conspiracies and that the complaint then at bar inveighed against conduct not litigated in *Haefner I.* We disagreed and held that our disposition of *Haefner I* erected a res judicata bar to the allegations of *Haefner II. Haefner v. County of Lancaster,* 543 F.Supp. 264 (E.D.Pa.1982), aff'd, 703 F.2d 550 (3d Cir.1983). Defendants, moving to dismiss, argue that res judicata also bars this action. We agree and grant the motion.

The complaint at bar alleges that

[o]n or about February 6, 1981, plaintiff entered the lobby of the Lancaster Newspapers, Inc. building at 3 West King Street in the City of Lancaster, Pa., with the intent of conducting his lawful business, particularly of investigating some of the aforesaid policies, customs, or decisions of the defendant City and Police Department, and of arranging for publication of a news story concerning the same.

Complaint ¶ 13. Continuing, the complaint at bar also alleges that defendant police officer Wertz stopped plaintiff and requested that he produce proper identification

even though he, Wertz, knew the plaintiff. Thereafter, Wertz began interrogating plaintiff and, when plaintiff sought to obtain a pen with which to record Wertz's name, defendant Wertz arrested plaintiff for disorderly conduct. While in the illegal custody of Wertz and other defendants, plaintiff was purportedly subjected to abuse and torture from which he still suffers anguish, trauma and depression. Finally, plaintiff alleges that his trial for disorderly conduct was aborted on March 5, 1981, when the charges were dropped. *See, Complaint* ¶¶ 14–27.

Similar allegations of official misconduct were made in *Haefner II.* There plaintiff alleged that

[o]n February 6, 1981, while plaintiff was engaged in an investigation related to his expungement petitions and appeals, members of defendant Police Department, in furtherance of a conspiracy to deprive plaintiff of his right to a fair and impartial criminal trial and other related proceedings, arrested plaintiff on a charge of disorderly conduct, took plaintiff to the defendant Police Department's station house, where they verbally abused and physically beat plaintiff. As a result of this unlawful conduct, plaintiff abandoned his investigation.

*Haefner II* amended complaint ¶ 23 dddd.

Both *Haefner II* and the case at bar complain that on February 6, 1981, plaintiff, while investigating official misconduct, was subjected to a false arrest. Continuing, the two complaints allege that plaintiff was subjected to physical beatings, verbal and emotional abuse while suffering the illegal detention. Simply stated, the two actions complain of substantially similar conduct. The only distinction between *Haefner II* and the case at bar is that the current complaint highlights a portion of the allegations contained in *Haefner II.* The allegations contained in *Haefner II* closely tracked those of *Haefner I;* both suits alleged that numerous defendants subjected plaintiff to false and unwarranted criminal prosecutions for various sex offenses. *Haefner II* also charged that fol-

lowing plaintiff's acquittal on the criminal charges, defendants violated an order of the Lancaster County Court of Common Pleas and failed to expunge his arrest record. Most critically, *Haefner II* lodged allegations not made in *Haefner I:* it contended that on February 6, 1981, while investigating defendants' failure to expunge his arrest record, plaintiff was verbally and physically abused. This same incident forms the basis of the current action.

Plaintiff, opposing defendants' motion for summary judgment, argues primarily that *Haefner II* cannot support a res judicata bar to this action because our disposition of that case did not amount to a final judgment "on the merits".[1] Specifically, plaintiff asserts that because our order of dismissal in *Haefner II* did not state that it was "with prejudice" it thereby was entered "without prejudice" pursuant to Fed. R.Civ.P. 41(b). Hence, plaintiff claims, we neither considered nor addressed the merits of *Haefner II* and the res judicata requirement of a judgment "on the merits" has not been met.

Resolution of whether our dismissal of *Haefner II* was "on the merits" is assertedly governed by *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). It held that a dismissal based upon plaintiff's failure to comply with a "precondition requisite" does not create a res judicata bar to a subsequent suit. *Id.* at 285, 81 S.Ct. at 544. Therefore, when a complaint fails to meet a "condition for filing suit" its dismissal does *not* operate as an adjudication on the merits. *Truvillion v. King's Daughters Hospital*, 614 F.2d 520, 524 (5th Cir.1980). Hence, such a dismissal cannot support a res judicata bar. *Accord, McCarney v. Ford Motor Co.*, 657 F.2d 230, 233–34 (8th Cir.1981) (Prior dismissal for lack of standing does not erect a res judicata bar); *Johnson v. Boyd Richardson Co.*, 650 F.2d 147, 148–49 (8th Cir.1981) (Failure to name

a proper party does not erect a res judicata bar).

*Haefner II* was not dismissed, however, for any failure to comply with a jurisdictional "precondition requisite". Rather, that case was dismissed on the strength of the res judicata bar created by *Haefner I's* dismissal as being untimely. Such a dismissal in *Haefner I* created a res judicata bar to the second suit by this plaintiff. *Chang v. Northwestern Memorial Hospital*, 549 F.Supp. 90, 95 (N.D.Ill.1982); *Waschovia Bank & Trust Co. v. Randell*, 485 F.Supp. 39, 42 (S.D.N.Y.1979). *Accord, Comer v. Marathon Oil Co.*, 583 F.2d 830 (6th Cir.1978).

Although the "outer periphery" of *Haefner II* was not "exactly co-extensive" with *Haefner I,* res judicata nevertheless barred the second suit because the "core complaint" of the two suits was the "same". *Haefner II,* 543 F.Supp. at 267. *See, Poe v. John Deere Co.*, 695 F.2d 1103, 1106 (8th Cir.1982) (Res judicata arises even though the parameters of the second suit do not track those in the first suit with "mathematical precision".) We also held in *Haefner II* that plaintiff could not litigate the events of February 6, 1981, in that suit because he was aware of them prior to March 9, 1981, the date upon which he filed *Haefner I.* Moreover, plaintiff was also aware of the now plead February 6, 1981 events prior to the date of *Haefner I's* dismissal. *See, Haefner II,* 543 F.Supp. at 268, citing, *Blair v. City of Greenville*, 649 F.2d 365, 368 (5th Cir.1981) and *Crowe v. Leeke*, 550 F.2d 184, 187 (4th Cir.1977). Plaintiff may not now attempt to relitigate a claim which could have been litigated in *Haefner I* and which was specifically plead in *Haefner II.*

Simply stated, *Haefner I's* dismissal as being time-barred operated as an adjudication on the merits and foreclosed plaintiff's complaint in *Haefner II.* The current action merely rehashes allegations which we

---

1. The other elements of establishing a res judicata bar are, as we observed in *Haefner II,* that the parties to the instant suit must be the same or in privity with those in the prior litigation. 543 F.Supp. at 265. *See also, Allen v. McCur-*

*ry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). Plaintiff does not appear to contest the fact that defendants at bar are in privity with defendants in *Haefner II.*

previously held are barred by the doctrine of res judicata. Even if we accepted plaintiff's current assertion that *Haefner II's* dismissal was not "on the merits" and that it cannot support a res judicata bar, litigation of this action is precluded by the res judicata bar created by *Haefner I*. We do not, however, accept plaintiff's assertion that our dismissal of *Haefner II* was "without prejudice". We believe that our dismissal of *Haefner II* must be accorded the same preclusive effect as the judgment upon which it was predicated. Accordingly, we will grant defendants' motion for summary judgment.