770 F.2d 167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL RUDNIANIN, PLAINTIFF-APPELLANT,
v.
THE KROGER COMPANY, UNITED FOOD AND COMMERCIAL WORKERS LOCAL
876, A/K/A RETAIL STORE EMPLOYEES UNION LOCAL 876, AND
UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION,
JOINTLY AND SEVERALLY, DEFENDANTS-APPELLEES, AND UNITED FOOD
AND COMMERCIAL WORKERS UNION LOCAL 876, DEFENDANT-APPELLEE.
 NOS. 82-1763, 83-1744
 United States Court of Appeals, Sixth Circuit.
 7/12/85
 
 E.D.Mich.
 AFFIRMED
 ORDER
 BEFORE: LIVELY, Chief Judge; MERRITT and CONTIE, Circuit Judges.
 
 
 1
 The plaintiff appeals the judgments dismissing two separate pro se actions against his former employer and his local and international unions. The appeals were referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the records and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff was discharged from his employment with the defendant Company on August 8, 1977. He filed a grievance which Local 876 of the United Food and Commercial Workers Union pursued through the first three steps of the grievance procedure. The Executive Board decided not to take the grievance to arbitration. That decision was affirmed by the general membership of Local 876 on April 4, 1978. The plaintiff then contacted the International Union complaining that his discharge violated the collective bargaining agreement and that Local 876 had not properly protected his rights thereunder. The International Union conducted its own investigation and informed the plaintiff sometime in 1979 that it considered the matter closed.
 
 
 3
 Thereafter followed four pro se civil actions against the Company and the Unions in state court. All were removed to federal district court under 28 U.S.C. Sec. 1441 as actions based upon alleged violations of federal labor law.
 
 
 4
 The first two actions were against the Company and Local 876. The first alleged a violation of the collective bargaining agreement, unfair representation, and the intentional infliction of emotional harm. The district court construed the action as a hybrid Sec. 301/unfair representation action and found it barred by the then applicable state statute of limitations. The second action alleged the Company and Local 876 supplied false information to the International Union during the latter's investigation of the plaintiff's grievance, thereby violating their duties of good faith dealing and fair representation. The district court found that action barred by the res judicata effect of the first action. The plaintiff did not file a notice of appeal in either of these actions.
 
 
 5
 The third action was filed on April 1, 1982 against the Company and both Unions. It again alleged the Company and Local 876 supplied false information to the International Union. It also alleged, however, that the International Union breached its promise to investigate the plaintiff's claims against the Company and Local 876. Despite the plaintiff's assertions that his action was based solely upon state common law, the district court found it to be another hybrid Sec. 301/unfair representation case and held it time-barred under the six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). The appeal from that judgment is docketed herein as Case No. 82-1763.
 
 
 6
 The fourth action was filed on June 10, 1983 against each of the Unions. The plaintiff, again basing his claims on state common law, asserted both Unions violated their fiduciary duties to him and breached their promises to aid him in seeking reinstatement to his employment. He also asserted both Unions falsely informed him the International Union's investigation could lead to the renewal of the grievance proceedings. The district court, finding the action to be one for unfair representation under federal labor law, dismissed the action on the dual grounds of untimeliness under Sec. 10(b) and res judicata. On motion of the defendants, the court also entered a permanent injunction enjoining the plaintiff from filing future actions against the Unions in regard to his discharge and subsequent grievance. The appeal from that judgment is docketed herein as Case No. 83-1744.
 
 
 7
 The plaintiff's claims in the third action that the Company and Local 876 gave the International Union false information are the same claims found in the plaintiff's second action which was dismissed on grounds of res judicata. Because that judgment was not appealed, it is a final ruling on the merits so as to preclude the same claims in the third action on the grounds of res judicata. See Haefner v. City of Lancaster, 566 F.Supp. 708 (E.D. Pa. 1983). Although the district court did not rest its dismissal of these claims upon the doctrine of res judicata, this Court may affirm the judgment on any grounds showing it was correct. City of Cleveland v. Cleveland Electric Illuminating Co., 570 F.2d 123, 128 (6th Cir. 1978).
 
 
 8
 We also find the district court did not err in finding the claims against Local 876 in the fourth action to be based upon federal labor law pertaining to unfair representation. A plaintiff cannot avoid the preemptive nature of federal labor law by casting his claims in terms of state common law. See Olguin v. Inspiration Consolidated Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984). Cf. Avco Corp. v. Aero Lodge No. 735, IAM, 376 F.2d 337, 340 (6th Cir. 1967), aff'd 390 U.S. 557 (1968). Those claims were time-barred under Sec. 10(b). DelCostello v. Teamsters, 462 U.S. 151 (1983); Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc); Erkins v. United Steelworkers, 723 F.2d 837 (11th Cir.), cert. denied, ---- U.S. ----, 104 S.Ct. 3517, 82 L.Ed. 2d 825 (1984).
 
 
 9
 The plaintiff argues that his claims against the International Union are not based upon federal labor law and are subject to a six-year state statute of limitations. He asserts the International Union has no duty of fair representation to the plaintiff under federal law because it was not a signatory to the collective bargaining agreement in effect in 1977 between the Company and Local 876. A duty of fair representation, however, arises not from the collective bargaining agreement but from the unique position of a union as the exclusive bargaining representative of the employee. Storey v. Local 327, Teamsters, 759 F.2d 517, 523 (6th Cir. 1985). Where the International Union, as here, exercises its supervisory powers over a local union to review the handling of a grievance, it occupies a similar unique position giving rise to a duty to treat the employee fairly and without discrimination or arbitrariness. The plaintiff's claims against the International Union therefore fall under federal labor law and were subject to dismissal under Sec. 10(b). The district court did not err in dismissing such claims in both the third and fourth actions.
 
 
 10
 We likewise find no error in the district court's entry of the permanent injunction enjoining future actions against the Unions. Following four civil actions (and four sets of charges filed with the NLRB), the district court properly concluded the plaintiff's legal efforts must come to an end.
 
 
 11
 It is ORDERED that the district court's judgments of September 7, 1982 in Case No. 82-1763 and September 21, 1983 in Case No. 83-1744 be and they hereby are affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.