Darrell D. LINGLE, Plaintiff,

v.

Robert J. COLL, Jr., City of Pittsburgh
Police Superintendent, Howard
McQuillan, City of Pittsburgh Police
Officer, Howard McQuillan, individual-
ly, Robert Duke, City of Pittsburgh Po-
lice Officer, Robert Duke, individually,
and City of Pittsburgh, Defendants.

Civ. A. No. 87–1740.

United States District Court,
W.D. Pennsylvania.

Feb. 7, 1991.

Paul Kay and Stanley H. Greenfield,
Pittsburgh, Pa., for plaintiff.

Bryan Campbell and James Thomas, Jr.,
Pittsburgh, Pa., for defendants.

MEMORANDUM OPINION

LEE, District Judge.

Plaintiff, Darrell D. Lingle, filed this civil action seeking damages from defendants, Robert J. Coll, Jr., Howard McQuillan, Robert Duke, and the City of Pittsburgh, for deprivation of civil rights secured to him under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and pursuant to 42 U.S.C. § 1983, and for pendant state law claims including malicious prosecution, false arrest, and false imprisonment. Presently before the Court is a Motion for Summary Judgment filed by defendants, Robert J. Coll, Jr., City of Pittsburgh Police Superintendent and City of Pittsburgh, pursuant to Fed.R.Civ.P. 56.

The incident which gave rise to the present civil action occurred on September 8, 1982, when Lingle was arrested, imprisoned and charged with disorderly conduct. The arresting officers were Duke and McQuillan. Duke and McQuillan pursued the prosecution of plaintiff for disorderly conduct and he was convicted of such on September 17, 1982. The Superior Court of Pennsylvania vacated plaintiff's summary conviction on March 11, 1985, and remanded the case for a new trial. At the second trial, McQuillan testified that he and Officer Duke arrested Lingle because Lingle was using foul language, threatening to damage a police cruiser and was refusing to leave the premises. Plaintiff was acquitted of the disorderly conduct charge in the Court of Common Pleas of Allegheny County, Pennsylvania, on May 29, 1987. Lingle then filed this civil action for the alleged deprivation of his civil rights on August 18, 1987.

The defendants' Motion for Summary Judgment contends simply that the plaintiff's actions are time barred by the application of the relevant statute of limitations. In its Motion, defendants also argue that local governments cannot be held liable under a theory of respondeat superior but can

only be held liable when the alleged constitutional deprivation arises from a government custom or policy. Defendants assert that plaintiff does not present this theory in his case. Because we conclude that plaintiff's claims are time barred, we will not address defendants' second contention.

Congress did not establish a federal statute of limitations for actions brought in Federal Courts under § 1983. The United States Supreme Court resolved this problem in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), by ruling that § 1983 claims are most closely analogous to state tort actions for recovery of damages for personal injuries. In *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), the Supreme Court expanded upon their holding in *Garcia* and held that in states where there is more than one statute of limitations for personal injury cases, the court in a 1983 action should look to the general or residual personal injury statute for the state and not to the limitation periods for a particular tort. The *Garcia* decision also held that federal law rather than state law governs the characterization of the nature of the right involved.

The parties in the instant case do not disagree over the meaning of *Garcia* or *Owens,* and do not dispute that Pennsylvania's two-year statute found at 42 Pa.C.S.A., § 5524 is applicable to the plaintiff's § 1983 claim.[1]

The deprivations of which Lingle complains all relate directly to his claims of false arrest and false imprisonment. It is defendants' position that the false arrest and false imprisonment actions can be successfully maintained prior to an acquittal or dismissal of the charges. Plaintiff argues, however, that he could not have successfully brought an action for deprivation of constitutional rights under § 1983 until he was acquitted of the false arrest and false imprisonment charges.

 It is Pennsylvania law which requires institution of suit for such claims

within two years of accrual, however, federal law determines when a federal claim accrues. *See Singleton v. City of New York,* 632 F.2d 185 (2d Cir.1980), *cert. denied* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). The date is identified as that point in time when the injured party knows or has reason to know of the injury forming the basis of the action. *See United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), *Haefner v. Lancaster County, Pennsylvania,* 520 F.Supp. 131 (E.D.Pa.1981). In *Haefner,* the plaintiff filed a civil rights complaint alleging unlawful arrest, physical and mental abuse during police custody, and prosecution against him without probable cause. The Court held that these claims most nearly resembled state tort actions for assault and battery, false arrest and imprisonment, and since plaintiff knew of the injury inflicted by the alleged assault and battery and false arrest and imprisonment when those events occurred in August of 1975, his failure to press those claims within two years barred prosecution irrespective of their merits under Pennsylvania law. Under *Moore v. McComsey,* 313 Pa. Super. 264, 459 A.2d 841 (1983), false arrest, false imprisonment, assault and battery, and malicious abuse of process were ruled to be time barred pursuant to Pennsylvania's two-year statute of limitations under 42 Pa.C.S.A. § 5524. That court found that the plaintiff's alleged causes of action against the arresting police officers accrued at the time of the arrest.

 Though we agree with plaintiff that the claim for malicious prosecution can be an actionable claim under § 1983, *see Brown v. Johnston,* 675 F.Supp. 287 (W.D. Pa.1987), we find that the deprivations claimed by plaintiff all arise out of plaintiff's arrest on September 8, 1982. Therefore, plaintiff's claim of malicious prosecution against defendants McQuillan and Duke exists in the instant action only as a "common law" state court claim.

> "(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process."

---

**1.** 42 Pa.C.S.A., § 5524 in relevant part provides: "The following actions and proceedings must be commenced within two years:

Because this Court finds that plaintiff's alleged deprivations arose out of his arrest on September 8, 1982, plaintiff's § 1983 action against defendants Robert J. Coll, Jr., and the City of Pittsburgh is time barred by Pennsylvania's two-year statute of limitations. Summary judgment with regard to the § 1983 claims will be granted. Plaintiff's pendent state law claims for false imprisonment and false arrest are also barred by the Statute of Limitations. The sole remaining claim against defendants Robert J. Coll, Jr., and the City of Pittsburgh is the state law claim of malicious prosecution and this Court declines to exercise pendent jurisdiction over such claim.