**Leon AUSTIN**

v.

**Robert MANLIN, Flormont Nero and Craig L. Barto.**

Civ. A. No. 76–3754.

United States District Court, E. D. Pennsylvania.

June 28, 1977.

---

seizures, as well as his guarantees to due process of law and equal protection under the law, by intercepting his mail. Specifically, plaintiff charges that defendant Craig Barto was Assistant Prosecutor in Somerset County in New Jersey, where plaintiff's brother had been arrested. Barto is said to have contacted defendant Robert Manlin, the deputy in charge of security at the Lehigh County Prison, and defendant Flormont Nero, the Warden of the prison, and asked them to intercept and photostat any letters sent by plaintiff's brother to plaintiff which might indicate criminal conduct by plaintiff's brother. Furthermore, the complaint says that in August, 1976, one such letter was intercepted and copied, even though the letter only contained information about witnesses that plaintiff's brother intended to call to aid in his defense.

Defendant Barto brings this motion to dismiss, claiming that as a prosecuting attorney he is absolutely immune to actions brought under § 1983 pursuant to *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Plaintiff responds with the contention that Barto is not immune because he was engaged in the investigatory phase of his duties and not the judicial phase, and *Imbler*-type immunity applies only to the judicial phase of a prosecutor's activity.

*Imbler* did distinguish between activity which was "an 'integral part of the judicial process' " and "certain investigatory activities" in which the prosecutor is entitled to "not the absolute immunity associated with the judicial process, but only a good-faith defense comparable to the policeman's." *Id.* at 430, 96 S.Ct. at 995. Noting that in the case before it the prosecutor's conduct was "intimately associated with the judicial phase of the criminal process" the Court then limited its opinion as follows:

"* * * We have no occasion to consider whether like or similar reasons require immunity for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advo-

Jeffry L. Gilbert, Lehigh Valley Legal Services, Allentown, Pa., for plaintiff.

James J. McConnell, Allentown, Pa., Robert G. Hanna, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM AND OPINION

TROUTMAN, District Judge.

Plaintiff brings this action under 42 U.S.C. § 1983 seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. He alleges that while he was incarcerated in the Lehigh County Prison in Allentown, Pennsylvania, the defendants acted to deprive him of his constitutional rights of freedom of expression and association and freedom from unreasonable searches and

cate. \* \* \* " *Id.* at 430–431, 96 S.Ct. at 995.

*Barto's* only hope for immunity pursuant to *Imbler* is if he was engaged in judicial activity with regards to the investigation of plaintiff's brother. *Imbler* offers the following observation:

"\* \* \* Preparation, both for the initiation of the criminal process and for a trial, may require the obtaining, reviewing, and evaluating of evidence. At some point, and with respect to some decisions, the prosecutor no doubt functions as an administrator rather than as an officer of the court. \* \* \* " *Id.* at 431, n. 33, 96 S.Ct. at 995. See also *Sprague v. Fitzpatrick,* 546 F.2d 560, p. 564 (3d Cir. 1976).

The Third Circuit in *Waits v. McGowan,* 516 F.2d 203, 206, (3d Cir. 1975) held that:

"The federal courts have recognized that where the function of an attorney's employee and the judicial process are closely allied, immunity will be granted, whereas if such function is not directly related to the court's decision-making activities, such immunity may not be available. For example, a prosecuting attorney's investigative activity based on leads and suspicion is distinguished, in some cases, from his acts directly related to the prosecution of an accused, with the result that he is denied immunity in the former situation. \* \* \* "

In the instant case, Barto was clearly operating as an investigative officer, more concerned with gathering evidence than in advocating in court. Therefore, *Imbler* immunity is inapplicable.

Accordingly, defendant Barto's motion to dismiss will be denied.