Anthony J. MINES

v.

Jay Paul KAHLE, Sybil K. Kane, Hamlin Bank & Trust Company and E. Kent Kane Estate.

Civ. A. No. 82–107 ERIE.

United States District Court, W.D. Pennsylvania.

Feb. 11, 1983.

H. Amos Goodall, Jr., Bellefonte, Pa., Charles Vollmer, Pittsburgh, Pa., James McNamara, Erie, Pa., for plaintiff.

Murray P. Garber, Bradford, Pa., Sean J. McLaughlin, Knox, Graham, McLaughlin, Gornall & Sennett, Erie, Pa., for defendant Kahle.

John F. Potter and Ann Elizabeth Baldwin, Erie, Pa., for all other defendants.

## MEMORANDUM OPINION

WEBER, District Judge.

This case arises out of a situation common in most of the counties in Pennsylvania and elsewhere as we note from reported federal cases, where the District Attorney is not a full time officer but is allowed to engage in the private practice of law. When the attorney mingles his private activities and his public office, he gives rise to a claim that he acted under "color of law" and his actions are brought within the field of fire of the federal civil rights law.

The plaintiff has filed an action against the defendants seeking damages for alleged violations of his civil rights pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. Section 1985. The plaintiff also seeks relief under the First, Fourth, Fifth, Sixth, Ninth, Tenth and Fourteenth Amendments of the United States Constitution. This matter is before the court on defendants' motion to dismiss plaintiff's claims.

### I. Factual Background.

The facts precipitating this lawsuit indicate that the plaintiff had entered into certain contracts with corporations owned substantially by the Estate of E. Kent Kane. The agreements were prepared for the corporations by the defendant Attorney Jay Paul Kahle. In the course of the dealings between the parties, the plaintiff was given corporate documents to evaluate the pending transaction. Some time later Attorney Kahle filed a private criminal complaint naming the plaintiff in charges of theft by unlawful taking or disposition. A nolle prosequi was later entered by District Attorney Kahle and the proceedings were terminated on the satisfied condition that plaintiff return the documents. It is the institution of the criminal proceedings against the plaintiff which form the basis of the present lawsuit.

Separate Motions to Dismiss have been received from the defendant Kahle and the defendant co-administrators of the Estate of E. Kent Kane. The motions and responses have been briefed by the parties and the matter is ripe for the court's consideration.

It is incumbent upon the court, when considering a motion to dismiss, to accept as true the well-plead allegations of plaintiff's complaint. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Lasher v. Shafer,* 460 F.2d 343 (3d Cir.1972). Accordingly, we follow the accepted rule that a complaint should not be dismissed unless it appears that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Plaintiff alleges in his complaint that he was not engaged in theft by deception or

theft by unlawful taking or disposition, and that "the charges filed were a mere pretext to provide color for the arrest and prosecution of plaintiff to coerce him into surrendering papers and documents in which he had a legitimate claim and into abandoning the property interest of Mines Construction Company in the options." *See* Plaintiff's Complaint, ¶ 12, page 3. While plaintiff's complaint names Mr. Kahle in his private capacity, it contains at paragraph 11 an allegation that Mr. Kahle took an active role in the prosecution as a McKean County District Attorney. *See* Plaintiff's Complaint, ¶ 11, page 3. The plaintiff alleges that the defendants were conspirators "in a scheme or conspiracy" to deny him his federal rights. *See* Plaintiff's Complaint, ¶ 14, page 4.

The defendant Kahle challenges the complaint on three grounds. First, he contends that the filing of a private criminal complaint does not constitute an action taken "under color of state law" necessary to support a claim under Section 1983. Second, Kahle asserts absolute immunity as a McKean County District Attorney for any "active role" he may have played in the prosecution of the criminal complaint after the filing of charges. And third, Kahle maintains that the plaintiff has failed to state a cause of action under 42 U.S.C. § 1985(3).

The defendant co-administrators of the Estate of E. Kent Kane seek dismissal of the complaint also on three grounds. First, they contend that clients of an attorney do not act "under color of state law" within the meaning of Section 1983 when their attorney acting in his private capacity files a private criminal complaint. Second, defendants assert that the plaintiff fails to allege the deprivation of any federally protected right. And third, they contend that plaintiff's complaint is fatally defective in its failure to set forth a cause of action for the state law torts underlying the federal civil rights claim.

Where appropriate the court will consider jointly the challenges to the complaint raised by both motions to dismiss.

II. Defendant Kahle.

A. The 42 U.S.C. § 1983 Cause of Action.

Kahle first challenges the complaint, as do the other defendants, by asserting that the filing of a private criminal complaint does not constitute action taken "under color of state law." The prerequisites of a claim brought pursuant to 42 U.S.C. § 1983 require that the plaintiff demonstrate a deprivation of constitutional rights by the defendants while they were acting "under color of state law". *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

■ Defendants have framed their argument in such a way as to have this court consider the act of filing a "private" criminal complaint independent of plaintiff's remaining allegations. On the contrary, for the defendants to succeed with this challenge to the complaint they must demonstrate not only that the issuance of process was not under "color of state law" but also that the use of process once initiated could under no set of facts arising from the plaintiff's allegations be shown to constitute "color of state law" action. This the defendants cannot do. As noted, paragraph 11 of the complaint contains the allegation that the defendant Kahle, as McKean County, District Attorney, took an active role in the prosecution. A reading of the complaint makes it clear that the totality of the defendant's acts are alleged to be a pretext to leverage certain demands upon the plaintiff by the use of state authority. It is apparent that this objective was facilitated by Mr. Kahle's position as a district attorney. We are reminded to take as true the well-plead allegations of plaintiff's complaint. Accordingly, the "under color of state law" requirements of 42 U.S.C. § 1983 are satisfied if plaintiff's complaint avers, as we find that it does, constitutional violations occurring as a result of the defendant's actions taken while he was cloaked with the authority of state law. *Screws v. United States,* 325 U.S. 91, 65 S.Ct. 1031, 89

L.Ed. 1495 (1945); *Brooks v. Fitch,* 534 F.Supp. 129 (D.N.J.1981) (position as prosecutor enabled lawyer to initiate criminal proceedings and abuse process).

 There can be little dispute that when law enforcement officers and prosecutors act in their official capacity, or otherwise take an "active role" in a criminal prosecution, they are acting under "color of state law." *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The use of power possessed by virtue of state law is action taken under color of state law. *Monroe,* 365 U.S. at 183–186, 81 S.Ct. at 481–84; *Screws,* supra, 325 U.S. at 108–113, 65 S.Ct. at 1038–41; *United States v. Classic,* 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941). We find that the plaintiff has provided sufficient averments to satisfy the "under color of state law" requirement of 42 U.S.C. § 1983 and will, therefore, reject the defendants' first challenge.

B. Absolute Immunity.

 In his second challenge to the complaint, the defendant Kahle makes a claim of absolute immunity as McKean County District Attorney for any role he may have played in the prosecution of the plaintiff.

The United States Supreme Court in *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), extended absolute immunity to prosecutors when their "activities were intimately associated with the judicial phase of the criminal process". 424 U.S. at 430, 96 S.Ct. at 995. *Imbler* involved a suit under Section 1983 against a prosecutor for the alleged knowing use of perjured testimony. The Supreme Court's decision was a narrow one holding only that absolute immunity would extend to a prosecutor for his role in the initiation of criminal proceedings and his presentation of the state's case. Lower federal courts have uniformly employed a functional analysis to determine whether *Imbler's* absolute immunity protects a prosecutor. Many courts have held that a qualified good-faith immunity applies to prosecutors acting in an investigative or administrative capacity. *See, e.g., Jacobson v. Rose,* 592 F.2d 515, 524 (9th

Cir.1978), *cert. denied,* 442 U.S. 930, 99 S.Ct. 2861, 61 L.Ed.2d 298 (1979); *Briggs v. Goodwin,* 569 F.2d 10, 16 (D.C.Cir.1977), *cert. denied,* 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978); *Pflaumer v. United States Dept. of Justice,* 450 F.Supp. 1125, 1133 (E.D.Pa.1978); *D'Iorio v. County of Delaware,* 447 F.Supp. 229, 235 (E.D.Pa. 1978), *vacated on other grounds,* 592 F.2d 681 (3d Cir.1978); *Austin v. Manlin,* 433 F.Supp. 648 (E.D.Pa.1977); *Tomko v. Lees,* 416 F.Supp. 1137 (W.D.Pa.1976).

The Third Circuit in *Forsyth v. Kleindienst,* 599 F.2d 1203 (3d Cir.1979), formally recognized the advocatory-investigative distinction by stating, "We hold that where the activities of the Attorney General depart from those which cast him in his quasi-judicial role, the protection of absolute immunity will not be available". 599 F.2d at 1214–1215. In *Bauers v. Heisel,* 361 F.2d 581 (3d Cir.1966) (en banc), a case which governs the law of unqualified immunity with respect to judicial officers, the court held that a prosecuting attorney should be granted the same immunity as is afforded members of the judiciary but that such immunity was not in all cases absolute or without limitation. The opinion in *Bauers* makes it clear that a prosecutor is not entitled to absolute immunity when acting in an area where he clearly lacks all jurisdiction over the subject matter. 361 F.2d at 591. The Court stated:

> Because immunity is conferred on an individual solely by virtue of the office he holds, reason requires us to adopt a rule which does not provide immunity for those acts which are done clearly outside the authority or jurisdiction of the office. 361 F.2d at 591.

The Third Circuit has determined that the holding in *Bauers* was undisturbed by the holding in *Imbler. Thompson v. Burke,* 556 F.2d 231, 240 (3d Cir.1977). Moreover, *Bauers* is consistent with the functional analysis test adopted in the recorded opinions referred to above. *See also, Helstoski v. Goldstein,* 552 F.2d 564 (3d Cir.1977).

With these principles in mind we consider plaintiff's allegations and the defendant

Kahle's claim of absolute immunity. Plaintiff has alleged, and defendant concedes by way of its initial demurrer, that the defendant acted as a private attorney in filing the criminal complaint against the plaintiff. The complaint specifically avers that the criminal complaint was filed without ever being presented to the District Attorney's office for approval. In essence, Kahle is alleged to have acted in his capacity as a private attorney and in his capacity as McKean County District Attorney. Under *Imbler* the defendant Kahle would be entitled to absolute immunity for actions taken solely in his official capacity. Under the *Imbler-Bauer* litany and the application of the functional analysis test, the defendant would be entitled only to limited immunity for actions taken outside his official jurisdiction or for those actions taken as a private attorney. The extent to which the defendant acted in either an official or private capacity, and the level of immunity that should be applied to his actions cannot be decided on the basis of the present motion. Such a determination involves a factual inquiry and cannot now be made in the context of a Rule 12(b)(6) motion or as a matter of law but must be reserved for the trier of facts.

The district court reached a similar conclusion in *Coggins v. Carpenter,* 468 F.Supp. 270 (E.D.Pa.1979). There the court held that an issue of fact existed as to the extent of immunity applicable to the conduct of a district attorney and a deputy district attorney in a case where they were alleged to have acted in both their private and official capacities. Coggins involved a multi-count civil rights action brought against a dozen defendants for their role in the execution of a writ of seizure obtained in a domestic relations proceeding. The sister-in-law of the plaintiff was represented in certain domestic proceedings against the plaintiff's brother by the defendants Lamb, Wollman and Conroy. Lamb and Wollman were the District Attorney and the Deputy District Attorney respectively of Chester County. These defendants and others obtained a writ of seizure which they executed at the home of the plaintiff's brother. An alterca-

tion ensued between those executing the writ and the plaintiff. The plaintiff was ultimately arrested and criminal charges were brought by one or more of the defendants acting with the knowledge and approval of Lamb. The plaintiff was acquitted by a jury of all counts. The plaintiff brought a civil rights action alleging that the charges were maliciously initiated and brought without reasonable or probable cause. The court held that an issue of fact was raised as to whether the defendants "Lamb or Wollman were acting within or without the scope of their jurisdiction" since the defendants were alleged to have acted in both their private and official capacities when they obtained and executed the writ of seizure. 468 F.Supp. at 285.

We find this holding consistent with the dictates of *Bauers* and the rule that eliminates absolute immunity for those acts outside the authority or jurisdiction of the office held by an individual. In the instant case, as in *Coggins,* we find that there are allegations which, if true, could form the basis of a fact finder's inference that the defendant Kahle acted clearly outside the scope of initiating and presenting a prosecution.

In *Brooks v. Fitch,* 534 F.Supp. 129, (D.N.J.1981), the court held that a material issue of fact existed as to whether a lawyer's actions were prosecutorial or beyond the scope of his jurisdiction while acting in an individual capacity as a private attorney. The court noted that the district attorney Fitch's private law practice and a personal dispute over a security were the sources of a criminal complaint filed by Fitch. 534 F.Supp. at 134. The court stated:

The relationship between the parties as well as their transactions concerned Fitch solely on his non-prosecutorial capacities of private attorney and employer. Such an alleged private retaliation carried out through the defendant's access to the prosecutor's office is either not a prosecutorial act within the meaning of the immunity doctrine or is an act clearly beyond the scope of the prosecutor's jurisdiction. 534 F.Supp. at 136.

Similarly, in *Beard v. Udall,* 648 F.2d 1264 (9th Cir.1981) (per curiam), the Ninth Circuit specifically addressed the loss of immunity under these circumstances in distinguishing the facts from those presented by *Imbler.* The Court stated:

> [W]e hold only that, where a prosecutor faces an actual conflict of interest, and files charges he or she knows to be baseless, the prosecutor is acting outside the scope of his or her authority and thus lacks immunity. By limiting the loss of immunity to these circumstances, we believe a prosecutor will be protected from the harassment which concerned the court in *Imbler.* 648 F.2d at 1271–72.

Accordingly, we will reject the defendant Kahle's claim of absolute immunity.

### C. The 42 U.S.C. § 1985 Cause of Action.

■ Kahle's final challenge to the complaint, an argument also raised by the other defendants, seeks a dismissal of plaintiff's claim raised under 42 U.S.C. § 1985. We note that while the defendants frame their response by addressing the deficiency of the complaint under Section 1985(3), the plaintiff has actually failed to designate which portion of action 1985 he now invokes. Courts have uniformly held that an action brought under Section 1985(3) requires a showing of racial or class-based invidiously discriminatory animus. *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).[1] Courts have extended this requirement to the second part of Section

1985(2) which prohibits private conspiracies to interfere with proceedings in state courts which result in a denial of equal protection. *See Phillips v. International Association of Bridge, Structural and Ornamental Iron Workers, Local 118,* 556 F.2d 939, 940 (9th Cir.1977). As for the first part of Section 1985(2),[2] however, the Third Circuit has determined that class-based invidious discrimination is not required. *Brawer v. Horowitz,* 535 F.2d 830, 840 (3d Cir.1976). This is consistent with holdings in the District of Columbia and Ninth Circuits, and opposed to the decisions of the Fifth and Eighth Circuits.[3] Since plaintiff currently alleges no facts which would have him within the purview of the first part of Section 1985(2) or Section 1985(1) we will dismiss any claim by the plaintiff based on Section 1985.

### III. Defendant Co-Administrators of the Estate of E. Kent Kane.

### A. The 42 U.S.C. § 1983 Cause of Action.

The defendant co-administrators of the Estate first challenge the complaint on the grounds that private persons who are clients of a District Attorney in his private practice do not act under color of state law when their lawyer files a private criminal complaint.

The court notes from the outset that the defendant co-administrators concede an identity between their position and that of the defendant Kahle for purposes of dis-

---

**1.** The court interpreted section 1985(3) in a way consistent with Congress' desire "to avoid the inescapable constitutional issue that would have attended enactment of a federal tort law." The section was thus limited to racially motivated or class based conspiracies. *Rutledge v. Arizona Board of Regents,* 660 F.2d 1345, 1355 (9th Cir.1981).

**2.** That portion reads as follows:

(2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testi-

fied, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror;

**3.** *See McCord v. Bailey,* 636 F.2d 606, 614–17 (D.C.Cir.1980); *Rutledge v. Arizona Bd. of Regents,* 660 F.2d 1345 (9th Cir.1981). *But see Kimble v. McDuffy, Inc.,* 648 F.2d 340, 346–48 (5th Cir.1981) (en banc); *Jones v. United States,* 536 F.2d 269, 271 (8th Cir.1976). The Supreme Court of the United States heard arguments on January 12, 1983 on the 9th Circuit case *Kush v. Rutledge,* 660 F.2d 1345, to resolve the split among the circuits.

cussing the "under color of state law" deficiency of plaintiff's complaint. To the extent of that identity the court will reject the defendant's arguments. (See discussion appearing above with respect to Kahle's defense). The more compelling consideration before the court in assessing the defendants' first challenge to the complaint is whether private persons who are private clients of a District Attorney in his private law practice can be said to have acted under the color of state law, taking the allegations of plaintiff's complaint as true, when it has been alleged that their lawyer—the District Attorney—has acted under color of state law in denying plaintiff a constitutional right. The defendants as private parties are not presumed to have acted under color of state law by retaining the services of a lawyer who happens also to be a District Attorney. Further, the defendants cannot be said to have acted under "color of state law" under Section 1983 when a lawyer they retain, who happens to be a District Attorney, undertakes a prosecution in that capacity and in his capacity as private attorney such that his own actions being under color of state law might expose him to personal liability. Purely private action is not cognizable under Section 1983. *See Coggins v. Carpenter,* supra, 468 F.Supp. at 282.

■ A private person, however, even when acting in a private capacity can be held liable under Section 1983 if he acts in concert with a public official who acts "under color of state law." *See e.g., Black v. Bayer,* 672 F.2d 309 (3d Cir.1982); *Jennings v. Shuman,* 567 F.2d 1213, 1220 (3d Cir. 1977); *Celano v. Celano,* 537 F.Supp. 690 (E.D.Pa.1982); *Raitport v. Provident National Bank,* 451 F.Supp. 522 (E.D.Pa.1978); *Meyer v. Curran,* 397 F.Supp. 512 (E.D.Pa. 1975); *Beaver v. Borough of Johnsonburg,* 375 F.Supp. 326 (W.D.Pa.1974).

■ At paragraph 14 of the complaint, plaintiff alleges that "the Defendants were conspirators engaged in a scheme and conspiracy designed and intended to deny and deprive him of rights guaranteed . . . under the Constitution and laws of the United States . . . ." If plaintiff is able to prove facts to comport with his allegations they would establish that the defendant co-administrators acted under color of state law. Accordingly, the defendant co-administrators' challenge to plaintiff's claim based on a failure to meet the "under color of law" jurisdictional requirement of Section 1983 must be rejected.

In their second challenge to the complaint, the defendant co-administrators argue that plaintiff has failed to allege the deprivation of any federally protected right. We consider this line of argument first in the nature of a challenge to the form of the pleading. Plaintiff's claims can be separated for purposes of considering the sufficiency of his pleading between those violations of specific constitutional amendments and the asserted claim under Section 1983.

■ As for claims under the First, Fourth, Fifth, Sixth, Ninth, Tenth, and Fourteenth Amendments, we conclude that plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's complaint is drafted in unified form and states at paragraph 4 that the action arises under "42 U.S.C.A. §§ 1343, 1983 and 1985 (sic)." Plaintiff has literally failed to state a claim under the foregoing amendments both in the form of his pleadings and in the allegations used to support each alleged constitutional violation. This court notes a distinction between an alleged deprivation of rights guaranteed by various amendments to the constitution in a claim under various civil rights statutes and a claim based directly on the amendments themselves. *See e.g. Coggins v. McQueen,* 447 F.Supp. 960 (E.D.Pa.1978).[4] Furthermore,

---

4. Courts in this circuit considering section 1983 claims premised on constitutional claims have considered such claims duplicative or redundant. *See e.g., Rogin v. Bensalem Township,* 616 F.2d 680 (3d Cir.1980); *Jones v. City of Philadelphia,* 481 F.Supp. 1053 (E.D.Pa.1979);

*Kedra v. City of Philadelphia,* 454 F.Supp. 652 (E.D.Pa.1978). In light of our determination, we need not consider this issue as a basis for disallowing plaintiff's constitutional claims. *cf. Shirey v. Bensalem Township,* 501 F.Supp. 1138 (E.D.Pa.1980).

plaintiff's claims under various amendments to the constitution will not be sustained where the pleadings are drafted in conclusory fashion alleging simply that the conduct of the defendant has violated the rights of the plaintiff guaranteed by the constitution. *See, e.g. Cohen v. Illinois Institute of Technology,* 581 F.2d 658 (7th Cir.1978) (*cert. denied,* 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979); *Sprague v. Fitzpatrick,* 412 F.Supp. 910 (E.D.Pa.1976), *affd.* 546 F.2d 560 (3rd Cir.1976), *cert. denied* 431 U.S. 937, 97 S.Ct. 2649, 53 L.Ed.2d 255 (1977); *Williams v. Patton,* 410 F.Supp. 1 (E.D.Pa.1976).

 As for plaintiff's Section 1983 claim, we find that the allegation of the complaint sets forth facts sufficient to support the conclusions contained therein. In so ruling, this court is mindful that the Third Circuit maintains the almost singular distinction of requiring fact pleading in civil rights actions. 2A Moore, Moore's Federal Practice ¶ 8.17[4.–1] (2d ed. 1982).

The current authority is *Hall v. Pennsylvania State Police,* 570 F.2d 86 (3d Cir. 1978). In *Hall,* the Third Circuit held that a civil rights complaint was sufficient when it alleged the nature of the conduct violating plaintiff's rights, the time and place of the action, and the parties responsible for the conduct. *Id.* at 89. The court determined that the pleadings complied with specificity requirements enunciated in *Rotolo v. Borough of Charleroi,* 532 F.2d 920, 922–923 (3d Cir.1976). *See also Esser v. Weller,* 467 F.2d 949 (3d Cir.1972); *Kauffman v. Moss,* 420 F.2d 1270 (3d Cir.1970), *cert. denied* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970).

Plaintiff's claim states that a criminal prosecution was initiated as a pretext to assure the return of certain documents and to coerce the plaintiff into abandoning other legal rights in which he had a legitimate claim, (paragraph 12); that the various acts occurred on or about April 30, May 1, and September 14, 1981 in McKean County (paragraph 8–11); that the persons responsible were the alleged co-conspirators named in the complaint (paragraph 14);

and that the foregoing acts were accomplished under color of state law (paragraph 13). We find these averments sufficient to satisfy the *Hall-Rotolo* test. Hence, any challenge to the form of the pleading of the Section 1983 claim must be rejected.

 The defendant co-administrators further contend that plaintiff has failed to allege the deprivation of any federally protected right. We need now only consider this argument as it relates to the surviving Section 1983 claim. We find that plaintiff has alleged sufficient facts to indicate that the defendants' conduct subjected him to the deprivation of a constitutional right. Defendants argue that there is no basis for a claim under Section 1983 because no claim can be sustained under any of the Constitutional Amendments. To this end the defendants argue that no federal right is implicated under the Fourth, Fifth and Fourteenth Amendments since plaintiff was never arrested or otherwise restrained of his liberty.

In part, counsel relies on the holding in *Curran v. Dural,* 512 F.Supp. 699 (E.D.Pa. 1981) which concerned a Fourth Amendment claim underlying a claim under Section 1983. In *Curran* Judge Huyett dismissed that portion of the plaintiff's Section 1983 claim that relied on the Fourth Amendment violation because the evidence indicated there was no action tantamount to a seizure of the plaintiff. *Curran,* 512 F.Supp. at 703. Defendants rely on *Curran* as authority for the proposition that a claim under the Fifth and Fourteenth Amendments is similarly defective if the plaintiff is never restrained in his liberty. We find the application of *Curran* to the present case problematic in three respects. First, plaintiff does allege a deprivation of liberty. Second, however inartfully drafted, plaintiff also alleges the use of process to achieve an illegitimate or extortionate objective which resulted in the surrender of property interests and this, by definition, is a denial of procedural due process. *Jennings v. Shuman,* 567 F.2d 1213, 1220 (3d Cir.1977). And third, the conclusion reached by Judge Huyett comes in the con-

text of a motion for summary judgment and the development of evidentiary matters to resolve the disputed issues between the parties. This is not the situation in the case sub judice where at this juncture we are to take the averments of plaintiff's complaint as true and, moreover, accord a measure of deference to any set of facts that might support the allegations. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). We find that the Section 1983 claim contains averments which implicate constitutional rights and accordingly we will reject this aspect of the defendant co-administrators' Motion to Dismiss.

### B. Abuse Of Process.

The defendants final argument seeks dismissal of the Section 1983 claim based on the plaintiff's alleged failure to set forth a valid cause of action for the underlying state torts of malicious prosecution or abuse of process.

█ We note that while a claim under Section 1983 might be premised on factual allegations also giving rise to a state law claim, the survival of a federal cause of action does not turn on the adequacy of the averments needed to sustain the corresponding state tort.[5]

Even if we accept defendants' contention that the elements of an underlying state tort must be established to sustain this Section 1983 claim, we find that the plaintiff has set forth the elements of a valid cause of action for the state tort of abuse of process.

█ Pennsylvania cases have long recognized a distinction between the torts of malicious prosecution and abuse of process. An abuse of process generally involves a situation where a party has employed legal process for a purpose not intended by the

law. *See Mayer v. Walter,* 64 Pa. 283 (1870). Accordingly, when process is used to effect an extortionate demand, or to cause the surrender of a legal right, or is used in any other way not so intended by the proper use of that process, a cause of action for abuse of process can be maintained. Moreover, as distinguished from the elements comprising a suit in malicious prosecution, the elements of abuse of process do not involve an assessment of probable cause nor do they require favorable termination of the litigation in the aggrieved party's favor.

█ The defendants acknowledge the distinction between the state torts of malicious prosecution and abuse of process but then proceed to frame their argument largely in terms of plaintiff's failure to satisfy the elements of malicious prosecution. The fact that the underlying criminal prosecution ended in a nolle prosequi and that the plaintiff may not have prevailed in the prior action is not fatal to a cause of action for abuse of process. *See, Blumenfeld v. R.M. Shoemaker Co.,* 286 Pa.Super.Ct. 540, 429 A.2d 654 (1981). The theory of plaintiff's recovery under Section 1983 is more similar to the underlying state tort of abuse of process since plaintiff alleges that the issuance of criminal process against him was a pretext to leverage extortionate demands.

Defendants challenge the sufficiency of a claim for abuse of process when the complaint fails to allege an arrest or seizure. Pennsylvania courts have held that the "English Rule" is still applicable to abuse of process actions and requires the plaintiff to prove either an arrest of the person or seizure of property in order to state a cause of action for malicious use of civil process. *Sheridan v. Fox,* 531 F.Supp. 151 (E.D.Pa.

---

**5.** 42 U.S.C. § 1983 is a federal remedy which protects only federal constitutional rights. State tort claims do not necessarily constitute a claim under § 1983 but state law torts for false arrest, abuse of process, and malicious prosecution may under some circumstances also provide the basis for a claim under the section. See, *e.g. Tucker v. Duncan,* 499 F.2d 963 (4th Cir.1974); *Nesmith v. Alford,* 318 F.2d 110 (5th

Cir.1963) *cert. denied,* 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964). In addition, since Congress established no federal statute of limitations for actions brought under this section federal courts must apply the state statute of limitations for the analogous state law claim. *Henig v. Odorioso,* 385 F.2d 491 (3d Cir.1967), *cert. denied* 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166 (1968).

1982). Pennsylvania statutes have removed the application of the English Rule from malicious use of process actions. *See* 42 P.C.S.A. § 8351(b). The defendants here rely upon *Blumenfeld v. R.M. Shoemaker Co.* in seeking a dismissal of plaintiff's action. 429 A.2d 654 (1981). *Blumenfeld* arose from a lawsuit brought by a construction company in equity for an alleged breach of an oral joint venture argument. The company had filed a praecipe to have the complaint indexed against the appellee's property. The court struck the lis pendens, and, finding that an adequate remedy existed at law, transferred the case to the law side of the court. Judgment was eventually entered for the company. Thereafter, the appellees brought an action in trespass for malicious use of process and abuse of process. They prevailed in the trial court. The Superior Court reversed and held, *inter alia,* that the judgment could not stand because the appellees had failed to allege or prove a seizure of their property in accordance with the English Rule. The Superior Court disagreed with the lower court that the filing of a "lis pendens constituted a sufficient interference with appellee's property to sustain their actions." 429 A.2d at 656. The court in *Blumenfeld* cites a number of cases in which writ process has affected a litigant's property interest but did not amount to a seizure of property. 429 A.2d at 657.

■ We now consider whether plaintiff's averments, taken as true, satisfy the arrest or seizure requirement. The defendants assert the following:

[i]t must be stressed that the Complaint nowhere alleges that the plaintiff was arrested. In fact, no arrest of the plaintiff was ever made. The private criminal complaint filed against plaintiff merely resulted in the issuance of a summons to plaintiffs to appear before a District Justice and defend the misdemeanor charge.[6]

We agree that plaintiff has not specifically alleged an arrest, however, he has alleged a deprivation of liberty. The court will not now conduct a factual inquiry to assess this allegation. In addition, as in *Blumenfeld* we also consider whether the defendants' alleged acts might constitute a seizure of the plaintiff's property.

Plaintiff's allegations respecting a seizure of his property are as follows:

... On September 14, 1981, on condition that Mr. Mines deliver the papers sought by Mr. Kahle to Mr. Mines' attorney, Mr. Kahle agreed to nol. pros. the charges. (See Plaintiff's Complaint ¶ 11).

The charges were a mere pretext to provide color for the arrest and prosecution of plaintiff to coerce him into surrendering papers and documents in which he had a legitimate claim and into abandoning the property interest of Mines Construction Company in the option. (See Plaintiff's Complaint ¶ 12).

We find that the averments of the complaint state a sufficient interference of plaintiff's property to satisfy the seizure of property requirement of the state law tort of abuse of process. See *Mina v. Melnick*, 222 F.Supp. 92 (E.D.Pa.1963), (perversion of

---

**6.** We note that both the defendants and the plaintiff characterize the crime charged as a misdemeanor. (Defendant's brief at page 10). (Plaintiff's Complaint, ¶ 10). Plaintiff claims he was originally charged with theft by deception which was later changed to theft by unlawful taking or disposition. The crime of theft by deception appears at 18 P.C.S.A. § 3922, and theft by unlawful taking or disposition at 18 P.C.S.A. § 3921. This distinction may be immaterial to a determination of the class of the offense since an accusation of theft may be supported by evidence that it was committed in any manner that would constitute a theft under the chapter pertaining to theft in the Pennsylvania code. 18 P.C.S.A. § 3902.

A crime is a felony if it is so designated or if a person may be sentenced to a term of imprisonment up to seven years. 18 P.C.S.A. § 106. Neither theft by deception nor theft by unlawful taking or disposition are designated by class. Rather, the grading of theft offenses is governed by the dollar amount alleged in the theft. 18 P.C.S.A. § 3903. The criminal complaint filed against the plaintiff alleges the theft of documents having a value of $4,000. Section 3903 of Title 18 indicates that a theft involving an amount in excess of $2,000 is a felony of the third degree.

process required payment of mortgage to satisfy complaint demands).

Accordingly, we find plaintiff's allegations sufficient to state a cause of action under Section 1983 and to survive the collective challenges of the defendants.

An appropriate order will issue.