Harold E. BROWN, Plaintiff,

v.

Charles B. JOHNSTON, individually, and Blair F. Green, individually and as partners t/a Green and Bish, Defendants.

Civ. A. No. 86–688.

United States District Court, W.D. Pennsylvania.

Nov. 24, 1987.

John R. Bock, Apollo, Pa., for plaintiff.

Blair F. Green, Kittanning, Pa., pro se and for Johnston.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

In this civil rights action brought under 42 U.S.C. § 1983 Harold E. Brown alleges Charles B. Johnston and Johnston's attorney, Blair F. Green, conspired with the district attorney to refile forgery charges against Brown knowing that Brown was innocent and knowing that the nolle-prosse of prior forgery charges precluded a successful second prosecution. Before the

Court is defendants' motion for summary judgment. Because there are disputed factual issues, the motion must be denied.

On defendants' motion, the following facts are not controverted on the record. Johnston filed a criminal complaint against Brown charging Brown with forgery in connection with an altered check. At a preliminary hearing before a district justice, it was agreed to continue the matter 60 days so that Brown could make restitution. However, Brown did not execute a waiver of the state speedy trial act and the charges were later referred to court. The case was nolle-prossed because it could not be tried within the time set under the speedy trial act. Following discussion between defendants and the district attorney, Johnston refiled the criminal complaint. This second complaint was also nolle-prossed.

Defendants move for summary judgment contending there was no violation of Brown's civil rights. Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The principal judicial inquiry required by Rule 56 is whether a genuine issue of material fact exists. *Scott v. Plante*, 532 F.2d 939 (3d Cir.1976). A party moving for summary judgment is not entitled to judgment merely because the facts he offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial. *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 245 (2d Cir.1984).

### malicious prosecution

■ Brown alleges Johnstown and Green violated his civil rights by refiling forgery charges against Brown knowing that Brown was innocent and knowing that the nolle-prosse of the prior forgery charges precluded a successful second prosecution. Malicious prosecution may under some circumstances give rise to constitutional violations actionable under 42 U.S.C. § 1983. *Losch v. Borough of Parkesburg, PA*, 736 F.2d 903 (3d Cir.

1984). When faced with § 1983 claims grounded in malicious prosecution the federal courts must look to state law for rules of decision. *Conway v. Village of Mt. Kisco, N.Y.*, 750 F.2d 205, 214 (2d Cir.1984).

■ Malicious prosecution arises when a person institutes a lawsuit with a malicious motive and without probable cause. *Shaffer v. Stewart*, 326 Pa.Super. 135, 473 A.2d 1017, 1019 (1984). An action for malicious prosecution requires proof that 1) the underlying prosecution terminated in favor of the accused, 2) the underlying prosecution was instituted without probable cause, and 3) the underlying prosecution was instituted with malice. 473 A.2d at 1020.

Of these three elements, a favorable termination is a threshold issue. *Junod v. Bader*, 312 Pa.Super. 92, 458 A.2d 251, 253 (1983). This Court previously considered whether a nolle-prosse could support an action for malicious prosecution; on defendants' motion for summary judgment, the Court re-examines its prior ruling.

A favorable termination does not necessarily mean that the termination must be on the merits. *Woodyatt v. Bank of Old York Road*, 182 A.2d 500, 408 Pa. 257, 259 (1962). Some cases indicate that the termination must nevertheless be consistent with innocence. *See e.g. Thomas v. E.J. Korvette, Inc.*, 329 F.Supp. 1163, 1168 (E.D.Pa.1971), *reversed*, 476 F.2d 471 (3d Cir.1973) (discharge of shoplifting charge by justice of peace with cost of goods on defendant consistent with innocence); *Junod v. Bader*, 312 Pa.Super. 92, 458 A.2d 251 (1983) (compromise by ARD not sufficiently consistent with innocence). Only one case applying Pennsylvania law has been discovered which has applied the "consistent with innocence" requirement to bar a claim for malicious prosecution following a termination on purely procedural grounds.

In *Haefner v. Lancaster County, Pennsylvania*, 520 F.Supp. 131 (E.D.Pa.1981), *aff'd without opinion*, 681 F.2d 806 (3d Cir.1982), *cert. denied*, 459 U.S. 874, 103 S.Ct. 165, 74 L.Ed.2d 136 (1982) the court held a procedural error by a trial judge—the premature dismissal of a hung jury—

was not inconsistent with guilt and therefore barred a § 1983 claim grounded in malicious prosecution. The *Haefner* court relied on two cases, neither of which had applied the "consistent with innocence" test to a termination on purely procedural grounds: *Thomas v. E.J. Korvette, Inc., supra,* and *Singleton v. City of N.Y.,* 632 F.2d 185 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981) (statutory adjournment in contemplation of dismissal not show accused not guilty). Moreover, the Second Circuit has more recently expanded on *Singleton* and held that if the disposition of the underlying prosecution is not on the merits, the controlling inquiry is whether the failure to proceed with the prosecution implies a lack of reasonable grounds for the prosecution. *Conway v. Village of Mt. Kisco, N.Y.,* 750 F.2d 205, 215 (2d Cir.1984). Applying this test, the court held that when criminal charges arising from a bad check were apparently withdrawn by the prosecution because of a delay in the prosecution, it was an open question whether the termination was sufficiently favorable to the accused to sustain a § 1983 action grounded in malicious prosecution. 750 F.2d at 215.

Although the "consistent with innocence" formulation of the favorable termination test works well in the garden-variety malicious prosecution case, given the unusual posture of the underlying prosecution in the present case, the "lack of reasonable grounds to proceed" formulation is better suited to the present case. In the present case there is no question that the nolle-prosse of the second prosecution did not bear on the guilt or innocence of the accused. It does, however, raise a question whether it was reasonable to believe a second prosecution could be successfully maintained after the nolle-prosse of the original prosecution on speedy trial grounds. The controlling inquiry must be whether the failure to proceed with the second prosecution implies a lack of reasonable grounds

for the second prosecution. Cast in these terms the question of favorable termination thus is not analytically distinct from the question of probable cause, but rather blurs into the question of whether there was probable cause for the second prosecution.[1]

■ Brown argues he was innocent of forgery and also the nolle-prosse of the prior forgery charges precluded a successful second prosecution. It is Johnston's position that Brown was guilty of forgery; it is Green's position that the information he possessed at the time the charges were refiled was entirely consistent with Brown's guilt. Defendants further argue that because the original prosecution was nolle-prossed on speedy trial act grounds because Brown had failed to execute a waiver, refiling of the prosecution was proper. Whether there were reasonable grounds for the second prosecution, or probable cause for the second prosecution, are disputed factual issues which preclude the grant of summary judgment.

### abuse of process

Even assuming that the innocence of the accused were the *sine qua non* to a favorable termination, and in turn necessary to a § 1983 action grounded in malicious prosecution, Brown's allegations also state a § 1983 claim grounded in abuse of process.

■ Abuse of process may under some circumstances give rise to constitutional violations actionable under 42 U.S.C. § 1983. *Jennings v. Shuman,* 567 F.2d 1213, 1220 (3d Cir.1977). Abuse of process generally involves a situation where a party has employed legal process for a purpose not intended by the law. *Mines v. Kahle,* 557 F.Supp. 1030, 1039 (W.D.Pa.1983). When process is used to effect an extortionate demand, or to cause the surrender of a legal right, or is used in any other way not so intended by proper use of the process, a cause of action for abuse of process can be maintained. 557 F.Supp. at 1039. As distinguished from malicious prosecution, abuse of process does not require termi-

---

**1.** A leading commentary explains that the requirement that the underlying prosecution terminate in favor of the accused is primarily important, not as an independent element of the

malicious prosecution action, but only for what it shows about probable cause or guilt-in-fact. Prosser and Keeton, The Law of Torts § 119 at 874 (5th ed. 1984).

nation in the accused's favor or lack of probable cause. 557 F.Supp. at 1039.

██ Brown alleges the second criminal prosecution was instituted to compel him to pay a civil debt. These allegations state a § 1983 claim grounded in abuse of process.

### conspiracy

Brown also alleges the defendants conspired with the district attorney, or improperly pressured the district attorney, to refile the forgery charges knowing Brown was innocent and knowing the nolle-prosse of the prior charges precluded a successful second prosecution. Brown thus contends he satisfies the requirement of state action under § 1983.

██ Section 1983 makes actionable violations of constitutional rights under color of state law. Private citizens can be sued under § 1983 when they conspire with state officials to violate constitutional rights. *Adickes v. Kress*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Private citizens can also be sued under § 1983 when the state, through its agents or laws, has established a formal procedure or working relationship that drapes private actors with the power of the state. *Cruz v. Donnelly*, 727 F.2d 79, 82 (3d Cir.1984).

██ Brown argues the defendants conspired with the district attorney, or pressured the district attorney, to refile the forgery charges. Defendants argue the charges were properly refiled because Brown had failed to execute a speedy trial act waiver. Whether there was an unlawful conspiracy, or improper pressure, is a factual issue which precludes the grant of summary judgment.

Also before the Court is Brown's motion for sanctions. Brown alleges defendants' motion for summary judgment was not well grounded in fact or warranted by law. To the contrary, defendants' motion was properly presented even though it must be denied.

An appropriate order will be entered.