Maia CAPLAN

v.

**FELLHEIMER EICHEN BRAVERMAN & KASKEY and David L. Braverman.**

Civ. A. No. 94–CV–7506.

United States District Court, E.D. Pennsylvania.

April 28, 1995.

William H. Ewing, Carl Oxholm, III, Connolly Epstein Chicco Foxman Engelmyer and Ewing, Philadelphia, PA, for plaintiff.

Carolyn P. Short, Kenneth M. Kolaski, Philip W. Newcomer, Reed Smith Shaw & McClay, Philadelphia, PA (Helen M. Braverman, Fellheimer Eichen Braverman and Kaskey, of counsel), for defendants.

## MEMORANDUM

JOYNER, District Judge.

Plaintiff has moved this Court to dismiss Defendants' counterclaims against her. Plaintiff brought charges to the EEOC against David Braverman and her former employer, the law firm of Fellheimer Eichen Kaskey & Braverman, and has now brought this action against the Defendants alleging Title VII violations and other torts. Defendants asserted three counterclaims against Plaintiff. Braverman brought one count of malicious abuse of prosecution against Caplan, as did the law firm, in a second count. The third count is a joint claim of civil conspiracy to maliciously abuse process. Caplan now seeks, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss those counterclaims.

In considering a 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir.1990).

In ruling upon such a motion, the Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Lane Co.,* 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

■ In Pennsylvania, abuse of process is defined as "the improper use of process after it has been issued, that is, a perversion of it." *McGee v. Feege,* 517 Pa. 247, 253, 535 A.2d 1020, 1023 (1987) (quoting *Publix Drug Co. v. Breyer Ice Cream Co.,* 347 Pa. 346, 32 A.2d 413 (1943)). The elements of this cause of action are "(1) an ulterior motive on the part of the alleged abuser and (2) the use of judicial process for a purpose other than that for which it is designed." *Total Care Sys. Inc. v. Coons,* 860 F.Supp. 236, 242 (E.D.Pa. 1994) (quoting *Gilbert v. Feld,* 788 F.Supp. 854, 861 (E.D.Pa.1992)).

An abuse of process claim must be distinguished from the claim of malicious prosecution. "Whereas a malicious prosecution claim depends upon the wrongful initiation of

a meritless suit, 'abuse of process is concerned with a perversion of [legal] process after it is issued.'" *Gilbert v. Feld*, 842 F.Supp. 803, 820 (E.D.Pa.1993) (quoting *McGee*, 535 A.2d at 1023).[1]

■ Defendants make the following allegations in their counterclaims for abuse of process:

(1) Plaintiff *"filed an amended charge* with the EEOC, naming FEB & K and Mr. Braverman individually." Answer at ¶ 85.

(2) Plaintiff's *"filing of a baseless amended charge* with the EEOC against David Braverman was done as a pretext to leverage certain financial demands upon Mr. Braverman and FEB & K." *Id.* at ¶ 86.

(3) Plaintiff "has *manipulated the legal process in filing and serving baseless charges with the EEOC,* for the sole purpose of extortion, a purpose other than that for which it was designed." *Id.* at ¶ 87.

(4) Plaintiff's "action in *filing a baseless EEOC charge* and amended charge against FEB & K was taken as a pretext to leverage certain demands upon FEB & K." *Id.* at ¶ 94.

(5) Plaintiff "has *manipulated the legal process in filing and serving baseless charges* for the sole purpose of extortion, a purpose other than that for which it was designed." *Id.* at ¶ 95.

Defendants argue that they have adequately pleaded abuse of process because they allege that the EEOC claim was filed for the purpose of extortion, publicity, and the soiling of Defendants' reputations. In fact, a "classic example of abuse of process claim is '"one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it."'" *Id.* (citations omitted). Typically, however, this is done "by means of attachment, execution or garnishment, and blackmail by means of arrest or criminal prosecution," not simply by bringing suit. *Rosen v. Tesoro Petro.*

*Corp.*, 399 Pa.Super. 226, 236, 582 A.2d 27, 33 (1990) (citing W. Prosser & W. Keeton, *Prosser & Keeton on Torts* § 121 (1984)).

In their counterclaims, Defendants' allegations are that it was the act of *filing* the EEOC charges that constituted the abuse of process. See Answer at ¶¶ 80–100; Brief in Opp. at 3. We find that these allegations are similar to ones made in *Total Care.* There, defendant's counterclaim referred only "to the initiation of this action and the service of the complaint" as the facts constituting abuse of process. We held that these "allegations belong in a malicious prosecution claim, not one for abuse of process." 860 F.Supp. at 242; *Cameron v. Graphic Mgmt. Assoc.*, 817 F.Supp. 19, 21 (E.D.Pa.1992).

Defendants stress that their claim for abuse of process is not that *this* claim has been abused, but that the *EEOC* claim was abused. Defendants rely on *Mines v. Kahle*, 557 F.Supp. 1030 (W.D.Pa.1983) to support this distinction. There, plaintiff alleged that defendants had brought criminal charges against him to compel recovery of documents that plaintiff legally possessed. Defendants had agreed to drop the criminal charges if plaintiff returned the documents. The Court held that this perverted the criminal process, and therefore, plaintiff's claim for abuse of process could stand. There is no allegation in Defendants' counterclaim, however, that Plaintiff used the EEOC charges in this carrot and stick manner. Accordingly, *Mines* does not support Defendants' argument that the EEOC charge is analogous to that case's criminal charge.

Moreover, Defendants have not alleged any facts that would indicate a perversion of legal process in the EEOC claim; their only allegations are that the *filing* of the claims manipulated process. As in *Cameron*, "noticeably absent from the defendant's documents is any allegation that [plaintiff] has abused process *after* its issuance. Without such allegations an abuse of process claim cannot stand." 817 F.Supp. at 22. Even construing Defendants' counterclaims in the light most favorable to them, they make no

---

1. All parties agree that a malicious prosecution claim is not ripe at this point because an element of that case is that the underlying claim must have terminated in the defendants' favor. 42 Pa.Cons.Stat.Ann. § 8351(a)(2).

allegations of abuse of process after Plaintiff's EEOC charges were brought. For that reason, there is no set of facts upon which either Defendant's counterclaim for abuse of process could succeed, and accordingly, Plaintiff's motion to dismiss Counterclaims One and Two must be granted.

Plaintiff also seeks to dismiss the third counterclaim, civil conspiracy to maliciously abuse process. The counterclaim alleges that Plaintiff agreed with her former secretary, Linda Della Rocco, "to file baseless charges with the EEOC and a complaint with this Court." Answer at ¶ 102.

In Pennsylvania, a civil conspiracy is pleaded when facts are alleged that two or more persons combined or agreed with intent to do an unlawful act or do an otherwise lawful act by an unlawful means. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979). A claim for civil conspiracy can proceed only when there is a cause of action for an underlying act. *Nix v. Temple Univ.*, 408 Pa.Super. 369, 596 A.2d 1132, 1137 (1991).

Here, Defendants plead that only two people, Plaintiff and Della Rocco, are the conspirators. Above, we dismissed the underlying counterclaims of malicious abuse of process against Plaintiff. Accordingly, there is only one alleged conspirator left, which does not meet the legal definition of a conspiracy. *Thompson Coal*, 488 Pa. at 198, 412 A.2d at 466. Moreover, because we have dismissed the underlying civil claims against Plaintiff, under *Nix*, no claim for civil conspiracy can stand. For these reasons, Defendants have failed to state a cause of action for civil conspiracy to maliciously abuse process upon which relief can be granted, and so Counterclaim Three must be dismissed.

Pursuant to 42 Pa.Cons.Stat.Ann. § 2503, Plaintiff seeks costs incurred in bringing this Motion to Dismiss, and has named a round number of $500.00 as those costs. We deny Plaintiff's motion for costs, finding that she has not adequately demonstrated that Defendants' counterclaims were brought "solely to harass" her. Pl. Brief at 5. An appropriate Order follows.

## ORDER

AND NOW, this 28th day of April, 1995, upon consideration of Plaintiff's Motion to Dismiss Counterclaims, and Defendants' responses thereto, the Motion is hereby GRANTED, and Defendants' Counterclaims are hereby DISMISSED with PREJUDICE. Plaintiff's Motion for Leave to file a Reply Brief is hereby GRANTED.